UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **SURESH PERSAD, et al.**, | 2:17-cv-12599 |
| Plaintiffs, | HON. TERRENCE G. BERG |
| v. | |
| **FORD MOTOR COMPANY**, | **ORDER DENYING MOTION TO STRIKE** |
| Defendant. | |

Plaintiffs Suresh Persad, Daniel G. Wright and Robert S. Drummond filed this potential class action against Defendant Ford Motor Company on behalf of all individuals in the United States who purchased, leased, or owned a 2016 or 2017 Ford Explorer. They contend that the vehicles include defective exhaust, heating, ventilation, and air conditioning systems that permit exhaust odors and gases, including carbon monoxide, to reach the passenger compartment while the vehicles are in use. The Amended Complaint asserts claims under the Magnuson-Moss Warranty Act, 14 U.S.C. § 2301 *et seq.*, as well as various claims under the laws of multiple states. The case is now before the Court on Plaintiffs' motions to strike several exhibits to Defendants' brief in opposition to the motion for class certification, and for expedited consideration of that motion. ECF Nos. 57, 58. The Court will grant

Plaintiffs' motion for expedited review of their motion to strike but deny their motion to strike Exhibits 30 through 33 to Defendant's response brief.

## DISCUSSION

Plaintiffs in this case filed a motion seeking to certify a class of individuals who purchased, leased, or owned a 2016 or 2017 Ford Explorer. The Court granted both parties permission to file lengthier briefs in support of, and in opposition to, the motion for class certification. *See* ECF No. 45 (June 24, 2019 Stip. and Order). Accordingly, Ford's page-limit for its response to the motion for class certification was extended to 35 pages. *Id.* Though Ford's brief complies with this 35-page maximum, Plaintiffs contend that Ford, without the Court's authorization, circumvented this page-limit by including additional briefing in the form of appendices to its response brief. *See generally* ECF No. 57. These appendices—labelled Exhibits 30 through 33—comprise charts summarizing case law from various federal and state courts that Defendant considers relevant to the claims for implied warranty, fraudulent concealment, unjust enrichment, and express warranty, which are asserted under the laws of multiple states. *See* ECF Nos. 55-31, 55-32, 55-33, 55-34.

The case charts are essentially reference tools for the Court that contain citations to various state and federal cases grouped under headings that are largely non-argumentative. For example, in one of the

charts, titled "Select Variation of State Law Concerning Breach of Implied Warranty," the headings are titled, simply, "Privity Not Required" and "Privity Required." ECF No. 55-31 PageID.3244. Some of the charts' headings are indeed longer and could be construed as more argumentative, for example, "Pre-Suit Notice Required, But Exception May Exist for Unsophisticated Consumers Against Manufacturers With Whom They Have Not Dealt." ECF No.55-31 PageID.3246. Yet the primary purpose of the headings appears to be organizing the case citations in a manner that permits facile reference by the Court. Any analysis included in the charts is cursory and geared towards summarizing the holdings of the listed cases rather than explaining how they apply to the facts of the instant case, or what weight the Court should give each case.

Plaintiff points out that this Court's Practice Guidelines require that all briefs before it "contain citation to appropriate authorities within the text of the brief." This language is intended to remind parties to provide adequate legal support for their briefs—not to prohibit them from attaching exhibits that may include more detailed citations of legal authority. Parties routinely append entire opinions that are obviously not quoted in full in the text of their briefs, without inviting a motion to strike. The Court will not ordinarily prohibit the use of non-argumentative summary exhibits that contain relevant citations to federal and state court decisional or statutory law that may be helpful in

a complex case such as this involving several different claims arising under the laws of multiple states. The parties should pay heed, however, to the narrow constraints that apply to such exhibits. Appendices may be used if they provide a reference for the Court to relevant legal authorities without engaging in argumentation or one-sided analysis. If such summaries contain argumentative headings, advocacy, or interpretive analysis intended to persuade, they will be stricken as in excess of the page-limits that apply to briefs. Counsel for both parties know the difference between a table of cases divided by topic and an extended legal argument. The appendices at issue here are the former and will not be stricken.

Plaintiffs pray that, should the Court fail to grant their motion to strike, they be permitted (a) two additional weeks to prepare a sur-reply responding to Defendant's appendices and (b) a 48-page enlargement of the page-limit for their reply so that they may "clearly and effectively analyze and respond to each of the several hundred cases cited in the Appendices." The first request is granted: Plaintiffs will have until **September 10, 2019** to file their reply in further support of the motion for class certification. The second request is denied. There is no need to "clearly and effectively analyze and respond" to a list of cases. ECF No. 57 PageID.3987. If Plaintiffs wish to attach appendices to their reply that contain tables of relevant authorities they may do so. But if those

appendices include legal argumentation, persuasive analysis, or advocacy, they will be stricken.

The Court is giving the parties leeway in this complex class litigation to present reference materials by way of summary exhibits. If the latitude granted by this order is abused in the future by counsel submitting exhibits that cross the line from instructive reference tools to legal arguments and advocacy, such exhibits will be swiftly stricken.

## CONCLUSION

For these reasons, Plaintiffs' motion for expedited consideration of their motion to strike (ECF No. 58) is **GRANTED** but Plaintiffs' motion to strike Exhibits 30 through 33 to Defendant's brief in opposition to the motion for class certification (ECF No. 57) is **DENIED**. Plaintiffs' reply is due September 10, 2019.

Dated: August 20, 2019   s/Terrence G. Berg
　　　　　　　　　　　　TERRENCE G. BERG
　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on August 20, 2019.
　　　　　　　　　　　s/A. Chubb
　　　　　　　　　　　Case Manager