# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| SURESH PERSAD, DANIEL G. WRIGHT and ROBERT S. DRUMMOND, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>   v.<br><br>FORD MOTOR COMPANY,<br><br>          Defendant. | Civil Action No. 2:17-cv-12599-TGB-MKM<br><br>Hon. Terrence G. Berg<br><br>Magistrate Judge Mona K. Majzoub |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement ("Settlement Agreement") is entered on this 18 day of November, 2020 by and among Named Plaintiffs Suresh Persad, Daniel G. Wright, and Robert S. Drummond (the "Named Plaintiffs") and Defendant Ford Motor Company ("Ford"), by and through their respective counsel (together, the "Settling Parties").

### RECITALS[1]

WHEREAS on August 9, 2017, the Named Plaintiffs filed an action entitled *Suresh Persad, Daniel G. Wright, and Robert S. Drummond v. Ford Motor Company* in the United States District Court for the Eastern District of Michigan, and that action was assigned to the Honorable Terrence G. Berg and given the case number 2:17-cv-12599-TGB-MKM ("*Persad*" or "Litigation");

WHEREAS the *Persad* Complaint alleged causes of action against Ford for violation of the Magnuson-Moss Warranty Act, Georgia Fair Business Practices Act, Pennsylvania Unfair Trade Practices and Consumer Protection Law, fraudulent concealment, negligent

---

[1] These Recitals incorporate certain capitalized terms that are defined in Section I, *infra*.

misrepresentation, breach of express warranty, breach of the implied warranty of merchantability, and unjust enrichment on behalf of the Named Plaintiffs and current and former owners and lessees of 2016 and 2017 model year Ford Explorers in the United States;

WHEREAS the *Persad* Complaint alleged that Ford sold model year 2016 and 2017 Ford Explorers that are defective because exhaust fumes may enter the passenger compartment of those vehicles;

WHEREAS counsel for the Settling Parties in this Litigation engaged in significant discovery, including voluntary Federal Rule of Civil Procedure 26(a) disclosures, review of the productions by Ford of over 299,000 pages of documents, exchange of written discovery responses, depositions of eight Ford fact witnesses, four experts, and the Named Plaintiffs, as well as inspections of the Named Plaintiffs' vehicles;

WHEREAS the Named Plaintiffs filed their Motion to Certify this Litigation as a class action on June 25, 2019, Defendant filed their Opposition to the Motion to Certify on July 30, 2019, Named Plaintiffs filed their Reply on September 10, 2019, and the Court conducted a hearing on November 13, 2019 and took the Motion to Certify under advisement;

WHEREAS Class Counsel conducted a thorough investigation and evaluation of the facts and law related to the Settlement Class's claims in order to determine how best to serve the interests of the Named Plaintiffs and the Settlement Class;

WHEREAS the Settling Parties conducted arm's-length negotiations concerning a proposed class-wide settlement before Rodney Max, an experienced third-party mediator;

WHEREAS the Named Plaintiffs and Class Counsel believe the Released Claims (defined below) have merit. The Named Plaintiffs and Class Counsel, however, recognize and acknowledge the expense and length of continued proceedings that would be necessary to prosecute the Released

Claims against Ford through trial and any appeals, and the value of providing timely benefits to Settlement Class Members whose vehicles are aging. The Named Plaintiffs and Class Counsel also have taken into account the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation. The Named Plaintiffs and Class Counsel are mindful of the inherent problems of proof under, and possible defenses to, the Released Claims. The Named Plaintiffs and Class Counsel believe the proposed Settlement confers substantial benefits on the Settlement Class. Based on their evaluation of all these factors, the Named Plaintiffs and Class Counsel have determined that the Settlement is in the best interests of the Settlement Class and represents a fair, reasonable, and adequate resolution of the Litigation; and

WHEREAS Ford denies any liability to the Named Plaintiffs or the Settlement Class.  Ford has taken thorough discovery concerning the claims asserted by the Named Plaintiffs and believes it has meritorious defenses to all of them. Nevertheless, Ford recognizes and acknowledges the expense and length of continued proceedings that would be necessary to defend the Litigation through trial and any appeals. In agreeing to enter this Settlement, Ford also has taken into account the uncertain outcome and the risk of further litigation, as well as the difficulties and delays inherent in such litigation;

NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED, by and among  the Settling Parties, subject to the approval of the Court, that the Litigation and the Released Claims shall be fully and finally compromised, settled, and released, and that the Litigation shall be dismissed with prejudice subject to and upon the terms and conditions described below.

## I.   DEFINITIONS

### a.   Authorized Ford Dealer

"Authorized Ford Dealer" means a Ford dealer authorized by Ford to sell, lease, and service Ford vehicles.

**b.**     <u>**Class Counsel**</u>

"Class Counsel" means Joseph H. Meltzer, E. Powell Miller and the law firms of Kessler Topaz Meltzer & Check, LLP and The Miller Law Firm, P.C.

**c.**     <u>**Class Notice**</u>

"Class Notice" means the notice of Settlement that will be provided to the "Settlement Class Members," as defined herein. Class Notice will include a "Short Form Class Notice" to be mailed to Settlement Class Members in substantially the same form as Exhibit C. The "Short Form Class Notice" will include a reference to a Settlement Website containing further details about the Settlement that shall be established, maintained, and operated by a Settlement Claims Administrator consistent with this Settlement Agreement, and will also provide a telephone number Settlement Class Members may call with questions about the Settlement or the claims process. "Long Form Class Notice" means the notice of Settlement that will be posted on the Settlement Website in substantially the same form as Exhibit D.

**d.**     <u>**Class Vehicle(s)**</u>

"Class Vehicle(s)" means model year 2016 and 2017 Ford Explorers sold or leased in the United States, excluding 2016 and 2017 Police Interceptor Utility Ford Explorers.

**e.**     <u>**Effective Date of Settlement**</u>

"Effective Date of Settlement" means the first date after the Court enters the Final Order and Judgment, in all material respects similar to the form attached hereto as Exhibit B; and all appellate rights with respect to said Final Order and Judgment have expired or been exhausted in such a manner as to affirm the Final Order and Judgment, except that an appeal solely from any award of attorneys' fees to Class Counsel shall not extend the Effective Date of Settlement.

      **f.**      <u>**Exhaust Odor**</u>

"Exhaust Odor" means the entry into the passenger compartment of Class Vehicles of fumes from the exhaust system.

      **g.**      <u>**Fairness Hearing**</u>

"Fairness Hearing" means the final hearing, held after the Preliminary Approval Order is issued and notice of the Settlement is provided to the Settlement Class, in which the Court will determine whether this Settlement Agreement should be approved as fair, reasonable, and adequate, and whether the proposed Final Order and Judgment should be entered, as well as to determine the amount of attorney's fees and costs to be awarded to Class Counsel.

      **h.**      <u>**Ford**</u>

"Ford" means Ford Motor Company.

      **i.**      <u>**Future Exhaust Odor TSBs or Field Service Actions**</u>

"Future Exhaust Odor TSB" means any Technical Service Bulletin or Field Service Action Ford issues after TSB 17-0044 or FSA 19N05 to address Exhaust Odor in the Class Vehicles.

      **j.**      <u>**FSA Repairs**</u>

"FSA Repairs" means repairs provided under Field Service Actions 17N03 and 19N05 to Class Vehicles addressing concerns about carbon monoxide exposure or Exhaust Odor and which are offered regardless of mileage or warranty status until July 31, 2022.

      **k.**      <u>**Litigation**</u>

"Litigation" means *Suresh Persad, Daniel G. Wright, and Robert S. Drummond v. Ford Motor Company*, No. 2:17-cv-12599-TGB-MKM, pending in the United States District Court for the Eastern District of Michigan.

      **l.**      <u>**Named Plaintiffs**</u>

"Named Plaintiffs" means Suresh Persad, Daniel G. Wright, and Robert S. Drummond.

**m.** **Post-Warranty Repair Costs**

"Post-Warranty Repair Costs" means the amount paid to an Authorized Ford Dealer for the parts and labor required to obtain a TSB Repair after expiration of the Warranty Coverage Period.

**n.** **Plaintiffs**

"Plaintiffs" means Named Plaintiffs.

**o.** **Released Parties**

"Released Parties" means Ford, its past or present directors, officers, employees, partners, principals, agents, heirs, executors, administrators, successors, reorganized successors, subsidiaries, divisions, parents, related or affiliated entities, authorized dealers, underwriters, insurers, co-insurers, re-insurers, licensees, divisions, joint ventures, assigns, associates, attorneys, and controlling shareholders.

**p.** **Released Claims**

"Released Claims" means, with the exceptions described below, any and all claims, demands, actions, causes of action, and suits pleaded against Ford in the Litigation, and all other claims, demands, actions, causes of action of any nature whatsoever, including, but not limited to, any claim for violations of federal, state, or other law (whether in contract, torts, or otherwise, including statutory and injunctive relief, common law, property, warranty, and equitable claims), and also including Unknown Claims that relate to the presence of Exhaust Odor in Class Vehicles. Excluded from the Released Claims are: (i) individual claims seeking damages for an alleged personal injury caused by Exhaust Odor; (ii) any claims relating to the enforcement of the Settlement; and (iii) any claims of any entities and natural person that submits a request for exclusion from the Class whose request is accepted by the Court.

q.      <u>**Settlement**</u>

"Settlement" means the settlement contemplated by this Stipulation and Agreement of Settlement.

r.      <u>**Settlement Agreement**</u>

"Settlement Agreement" means this Stipulation and Agreement of Settlement.

s.      <u>**Settlement Claims Administrator**</u>

"Settlement Claims Administrator" refers to KCC Class Action Services, a third-party entity proposed by the Settling Parties, subject to Court approval, to handle the settlement administration process consistent with this Settlement Agreement, including distribution of the Class Notice to the Settlement Class Members, reviewing claims and processing payment for valid claims consistent with this Settlement Agreement.

t.      <u>**Settlement Class or Settlement Class Members**</u>

"Settlement Class" or "Settlement Class Members" means all entities and natural persons in the United States (including its Territories and the District of Columbia) who currently own or lease (or who in the past owned or leased) a Class Vehicle.

Excluded from the Settlement Class are: (1) all federal court judges who have presided over this case and any members of their immediate families; (2) all entities and natural persons who elect to exclude themselves from the Settlement Class; (3) all entities and natural persons who delivered to Ford releases of all their claims; and (4) Ford's officers and directors.

u.      <u>**Settlement Website**</u>

"Settlement Website" refers to a dedicated website containing further details about the substance and procedure of the proposed Settlement that shall be established, maintained, and operated by the Settlement Claims Administrator consistent with this Settlement Agreement.

### v.      Settling Parties

"Settling Parties" means the Named Plaintiffs and Ford.

### w.      Amended Class Action Complaint or Complaint

"Amended Class Action Complaint" or "Complaint" means the complaint against Ford in the Litigation filed on October 9, 2017.

### x.      TSB Repair

"TSB Repair" means a repair by an Authorized Ford Dealer to address Exhaust Odor performed under TSB 17-0044 or any Future Exhaust Odor TSB., including the (1) inspection and sealing of gaps in the passenger compartment; and (2) installation of a modified exhaust system in vehicles equipped with a normally aspirated 3.5-liter Twin Independent Variable Camshaft Timing ("TiVCT") engine.

### y.      Unknown Claims

"Unknown Claims" means any and all Released Claims that any member of the Settlement Class does not know to exist against any of the Released Parties which, if known, might have affected his or her decision to enter into or to be bound by the terms of this Settlement.  The Named Plaintiffs and members of the Settlement Class acknowledge that they may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of this release, but nevertheless fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, may hereafter exist, or heretofore have existed based upon Exhaust Odor in the Class Vehicles, without regard to subsequent discovery or existence of such different or additional facts concerning each of the Released Parties.  The foregoing waiver includes, without limitation, an express waiver to the fullest extent permitted by law by the Named Plaintiffs and the Settlement

Class Members of any and all rights under California Civil Code § 1542 or any similar law of any other state or of the United States, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

### z.    <u>Warranty Coverage Period</u>

"Warranty Coverage Period" means the 3 year or 36,000 mile period, whichever comes first, during which Ford's New Vehicle Limited Warranty provides repairs to Ford vehicles at no cost to the owner or lessee.

## II.    SETTLEMENT CONSIDERATION

In consideration of the release provided for herein and the dismissal of the Litigation with prejudice, under the terms of the Settlement Agreement, Defendant agrees to provide the following consideration to the Settlement Class Members:

### a.    <u>Notice to Settlement Class Members of FSA Repairs and TSB Repairs</u>

Ford agrees to provide notice to Settlement Class Members through the Class Notice of the availability of: (1) the FSA Repairs, and (2) the TSB Repairs in the event that the FSA Repairs do not remedy the Exhaust Odor concerns. Ford will direct Authorized Ford Dealers to implement the FSA Repairs and, in those cases where the FSA Repairs do not remedy the Exhaust Odor concern, TSB Repairs upon the request of a Settlement Class Member. The Class Notice will indicate that TSB Repairs following an unsuccessful FSA Repair will either be covered by the New Vehicle Limited Warranty, for those Class Vehicles still within their Warranty Coverage Period, or subject to partial reimbursement under the terms described in this Settlement Agreement for those Class Vehicles no longer within their Warranty Coverage Period. In accordance with Section III(c), the Settlement Claims Administrator will mail the Short Form Class Notice to

Settlement Class Members. The Short Form Class Notice will include a reference to a Settlement Website, on which this relief will be described consistent with this Settlement Agreement.

### b.    Ford Website for FSA Repairs

Ford will provide a website that allows Settlement Class Members to look up their Class Vehicles by Vehicle Identification Number ("VIN") in order to determine whether the FSA Repairs are available on their Class Vehicle.

### c.    Partial Reimbursement for Post-Warranty Repair Costs

Settlement Class Members who have had the FSA Repairs performed on their Class Vehicle, and who paid Post-Warranty Repair Costs that have not previously been reimbursed by Ford, are eligible for partial reimbursement of such Post-Warranty Repair Costs if they occur within the later of: (1) 4 years or 48,000 miles after the vehicle was placed in service (whichever comes first), or (2) 120 days after the date for the completion of Class Notice, as set forth in the Preliminary Approval Order or any order modifying that order. If the Settlement Class Member submits documentation showing that the Class Vehicle was presented to an Authorized Ford Dealer for a TSB Repair that qualified for reimbursement during this eligible repair period, but the Authorized Ford Dealer was unable to perform the TSB Repair during the eligible repair period due to a parts shortage, such repair should be deemed eligible for reimbursement if it occurs within six months of the expiration of the eligible repair period.

Upon the submission of a valid claim demonstrating that they incurred Post-Warranty Repair Costs for a TSB Repair to their Class Vehicle, such TSB Repairs shall be reimbursed as follows:

> i.    Up to $125 of the Post-Warranty Repair Costs for the inspection and sealing of gaps in the passenger compartment;

ii.      Up to $400 of the Post-Warranty Repair Costs for the installation of a modified exhaust system in vehicles equipped with  a normally aspirated 3.5-liter TiVCT;

iii.     These amounts may be combined for TSB Repairs to a single Class Vehicle that involve both types of TSB Repairs (up to a total of $525 per vehicle), even if those repairs occur on different visits (so long as they occur within the time and/or mileage requirements above).

Nothing in the Settlement Agreement should be construed as limiting any existing warranty coverage that may apply to a Settlement Class Member's Class Vehicle.

**d.**    <u>**Submission of Claims**</u>

In order to obtain partial reimbursement for Post-Warranty Repair Costs, a Settlement Class Member must submit a claim to the Settlement Claims Administrator.

1.      ***Deadlines to Submit Claims***

Claims for partial reimbursement of Post-Warranty Repair Costs incurred for obtaining a TSB Repair(s) must be submitted within: (1) six months after the Effective Date of Settlement, or (2) 120 days after the date of the TSB Repair for which partial reimbursement is sought, whichever is later.

2.      ***Content of and Support for Claims for Partial Reimbursement***

Claims for partial reimbursement of Post-Warranty Repair Costs incurred obtaining TSB Repairs must include:

- The VIN of the Class Vehicle with respect to which a claim is being made.

- Proof of ownership of the vehicle during the time of any qualified TSB Repair for which a claim is being made.

11

- Evidence sufficient to show that the Settlement Class Member obtained a TSB Repair to a Class Vehicle that qualifies for partial reimbursement of Post-Warranty Repair Costs under the Settlement Agreement, including:

  o  Information showing that the Class Vehicle received a TSB Repair;

  o  The date(s) of the TSB Repair;

  o  The mileage on the Class Vehicle as of the date of the TSB Repair.

- Proof of the amount of Post-Warranty Repair Costs the Settlement Class Member paid to obtain the TSB Repair.

### 3.  *Rejected Claims*

The Settlement Claims Administrator may reject any claim that does not include the required information specified in the previous subsection. The Settlement Claims Administrator reserves the right to investigate any claim, including by requesting from the Settlement Class Member additional documentation to determine whether the claim is valid. If the Settlement Claims Administrator rejects a claim, it will advise the Settlement Class Member who submitted it of the reason(s) for the rejection (*e.g.*, missing information or documentation, ineligibility to submit a claim). If a claim is rejected due to missing information or documentation, the Settlement Claims Administrator will give the Settlement Class Member thirty (30) days to resubmit that claim along with additional information, so long as the claim was originally submitted by the deadline. The Settlement Claims Administrator will copy Class Counsel on all rejected claims.

### 4.  *Disputed Claims*

If a Settlement Class Member disputes either the Settlement Claims Administrator's rejection of a claim or the amount to be reimbursed pursuant to a claim, the Settlement Class Member may appeal the Settlement Claims Administrator's decision by submitting the claim, the Settlement Claims Administrator's decision on the claim, and an explanation of the Settlement

Claims Administrator's alleged error within thirty (30) days of the postmark date on the envelope in which the Settlement Claims Administrator mailed its decision to the Settlement Class Member to: (1) Joseph H. Meltzer, Esq., and Ethan J. Barlieb, Esq., of Kessler Topaz Meltzer & Check, LLP (Class Counsel), 280 King of Prussia Road, Radnor, PA 19087; (2) E. Powell Miller, Esq. of The Miller Law Firm, P.C (Class Counsel), 950 West University Drive, Suite 300, Rochester, MI 48307; (3) David M. George, Esq., of Dykema Gossett PLLC (Defendant's Counsel), 2723 South State Street, Suite 400, Ann Arbor, MI 48104; and (4) Joel A. Dewey, Esq. of DLA Piper, LLP (Defendant's Counsel), 6225 Smith Avenue, Baltimore, Maryland 21209.  Upon receipt of the appeal, Class Counsel and Defendant's Counsel will meet and confer to resolve the disputed claims.

### e.  Administration of the Settlement

Promptly after the Effective Date of Settlement, Ford will direct the Settlement Claims Administrator to administer the program described above, and will bear all costs and expenses related to the administration of this Settlement.  The Settlement Claims Administrator will open a "Ford Claims Center" to receive and appropriately respond to all claims submitted by Settlement Class Members. The Ford Claim Center will include: (1) personnel assigned to manage the settlement implementation process; (2) a toll-free telephone number that Settlement Class Members may call to obtain information; (3) a mailing address to which Settlement Class Members shall send all claims for reimbursement; and (4) a website containing information about the Settlement, including claim forms that can be downloaded and submitted by mail.

### f.  Attorneys' Fees and Expenses

Ford shall pay to Class Counsel reasonable attorneys' fees, separate and apart from the consideration flowing to the Settlement Class, of up to $3,000,000 (three million dollars), and expenses of up to $500,000 (five hundred thousand dollars).  Class Counsel shall apply to the Court

for a total award of attorneys' fees and expenses of no more than this amount, covering all legal services provided by Class Counsel in the past and future to Named Plaintiffs and the Settlement Class Members in connection with the Litigation, the Settlement, any appeal in connection with the Settlement, and implementation of the Settlement Agreement (the "Fee and Expense Application"). Ford will not dispute or oppose the amount set forth above in the Fee and Expense Application, which shall be subject to Court approval. Further, Class Counsel shall not accept, any amount in excess of these sums. Any award of attorneys' fees and expenses above the agreed-upon amount will be deemed a material breach of the Settlement Agreement and constitute grounds for Ford to withdraw from it. The Court shall determine what amount of fees and expenses shall be awarded and issue an Order stating the amount of fees and expenses to be awarded.

Should any counsel other than Class Counsel petition the Court for an award of attorneys' fees, costs, or expenses, Class Counsel and Ford's counsel shall cooperate in opposing such petition. Neither Class Counsel nor Ford shall be required to pay any amount of money to such counsel petitioning the Court for an award. Any award of attorneys' fees or expenses to such counsel will be deemed a material breach of the Settlement Agreement, and constitute grounds for either Plaintiffs or Ford to withdraw from it.

Within thirty (30) business days after the Effective Date of Settlement, Ford shall pay the amount of attorneys' fees and costs awarded by the Court pursuant to the terms of this Settlement Agreement to Class Counsel pursuant to wiring instructions that will be supplied by Class Counsel. Class Counsel must provide Ford with a completed W-9 form for the first payee of attorneys' fees and costs.

Any order or proceedings related to the Fee and Expense Application, or any appeal solely from any order related thereto or reversal or modification thereof, will not operate to terminate or

cancel this Settlement Agreement, or affect or delay the finality of Judgment approving the Settlement and this Settlement Agreement.

### g.      Service Award for Named Plaintiffs

As part of their motion seeking final approval of the Settlement at the Fairness Hearing, Class Counsel will submit to the Court an application for a $30,000 service award, to be allocated by the Court equally among the Named Plaintiffs. Ford agrees to not oppose this application. Ford will pay any service award approved by the Court pursuant to the terms of this Settlement Agreement within thirty (30) business days after the Effective Date of Settlement by sending payment to Class Counsel to be divided in accordance with the Court's order and forwarded to the Named Plaintiffs.

## III.     SETTLEMENT APPROVAL PROCESS

### a.      Preliminary Approval of Settlement

Promptly after execution of this Settlement Agreement, Class Counsel shall present this Settlement Agreement to the Court, along with a motion requesting that the Court issue a Preliminary Approval Order substantially in the form attached hereto as Exhibit A, which shall include, among other things:

- Preliminary certification under Federal Rule of Civil Procedure 23, for settlement purposes only, of the Settlement Class;

- Preliminary approval of the Settlement memorialized in this Settlement Agreement as fair, reasonable, and adequate;

- Approval of the Class Notice containing the language in Exhibits C and D for distribution to Settlement Class Members;

- A direction to the Settlement Claims Administrator to disseminate, at Ford's expense, the Class Notice in the forms approved by the Court to Settlement Class Members;

- A direction that each potential Settlement Class Member who wishes to be excluded from the Settlement Class must respond to the Class Notice in writing in accordance with the instructions set forth in the Class Notice and that their responses must be received by the date set forth in the Preliminary Approval Order;

- A finding that the Class Notice constitutes the best practicable notice under the circumstances, including individual notice to all Settlement Class Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Settlement Class Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

- A direction that, pending final determination of the joint application for approval of this Settlement Agreement, all proceedings in this Litigation other than settlement approval proceedings shall be stayed and all Settlement Class Members who do not validly request exclusion from the Settlement Class shall be enjoined from commencing or prosecuting any action, suit, proceeding, claim, or cause of action in any court or before any tribunal based on Exhaust Odor in the Class Vehicles;

- A direction that any Settlement Class Member who has not properly and timely requested exclusion from the Settlement Class will be bound by the Final Order and Judgment;

- The scheduling of a final hearing to determine whether this Settlement Agreement should be approved as fair, reasonable, and adequate and whether the proposed Final Order and Judgment should be entered (the Fairness Hearing);

- A direction that the Settlement Claims Administrator shall tabulate communications from prospective Settlement Class Members asking to be excluded from the Settlement Class

and shall report the names and addresses of such entities and natural persons to the Court and to Class Counsel no less than seven (7) days before the Fairness Hearing;

- A direction that Class Counsel shall file a Fee and Expense Application and Named Plaintiffs' Service Award application (which may be part of Plaintiffs' Motion for Final Approval) approximately fourteen (14) days prior to the date set forth in the Preliminary Approval Order as the deadline for the objections; and that Class Counsel shall file any supplemental brief in support of final approval of the Settlement Agreement no later than seven (7) days prior to the Fairness Hearing; and that the Court shall determine at the Fairness Hearing in what amount attorneys' fees and reimbursement of expenses should be awarded to Class Counsel pursuant to the terms of the Settlement Agreement, as well as the amount of the Service Awards that should be awarded to the Named Plaintiffs pursuant to the terms of the Settlement Agreement;

- A direction that any Settlement Class Member who wishes to object to the proposed Settlement Agreement, the proposed Final Order and Judgment, the Fee and Expense Application, and/or Named Plaintiffs' Service Award must file and serve such objections no later than the date set forth in the Preliminary Approval Order, which shall be approximately one month before the Fairness Hearing, together with copies of all papers in support of his or her position as provided in Section III.d.1. of the Settlement Agreement. The Class Notice shall state that the Court will not consider the objections of any Settlement Class Member who has not properly served copies of his or her objections on a timely basis or complied with the requirements of Section III.d.1 of the Settlement Agreement.

b.      **Notice to Attorneys General**

In compliance with the attorney general notification provision of the Class Action Fairness Act, 28 U.S.C. § 1715, within ten days after the motion for Preliminary Approval Order is filed, Ford shall provide notice of this proposed Settlement to the Attorney General of the United States, and to the attorneys general of each state or territory in which a Settlement Class Member resides. The notice will include (1) a copy of the Amended Class Action Complaint, (2) a copy of this Settlement Agreement and its exhibits, and (3) a reasonable estimate of the number of Settlement Class Members in each state/territory and their percentage representation in the Settlement Class. Ford will provide copies of such notifications to Class Counsel at the time of their submission to the attorneys general.

c.      **Notice to Settlement Class Members**

The Settlement Claims Administrator will mail, at Ford's expense, the Short Form Class Notice in substantially the same form as Exhibit C, and post on the Settlement Website the Long Form Class Notice substantially in the same form as Exhibit D. As soon as practicable after the preliminary approval of the Settlement, the Settlement Claims Administrator will obtain the name and last known address of each potential member of the Settlement Class. The last known address of potential Settlement Class Members will be checked and updated via the National Change of Address database. Thereafter, the Settlement Claims Administrator shall mail a copy of the Short Form Class Notice to each Settlement Class Member so identified. The Settlement Claims Administrator shall use its best efforts to complete the mailing of the Short Form Class Notice to potential Settlement Class Members within four months after the preliminary approval of the Proposed Settlement.

If any Short Form Class Notice mailed to any potential Settlement Class Member is returned as undeliverable, then the Settlement Claims Administrator shall perform a reasonable

search for a more current name and/or address for the potential Settlement Class Member and (provided that a more current name and/or address can be found through such a search) re-send the returned Short Form Class Notice to the potential Settlement Class Member. In the event that any Short Form Class Notice mailed to a potential Settlement Class Member is returned as undeliverable a second time, then no further mailing shall be required. The Settlement Claims Administrator will promptly log each Short Form Class Notice that is returned as undeliverable and provide copies of the log to Class Counsel.

###### d.   <u>**Response to Notice**</u>

####### 1.   *Objection to Settlement*

Any Settlement Class Member who intends to object to the fairness of the Settlement Agreement must, by the date specified in the Preliminary Approval Order and recited in the Class Notice, file any such objection with the Court, and provide copies of the objection to: (1) Joseph H. Meltzer, Esq., and Ethan J. Barlieb, Esq., of Kessler Topaz Meltzer & Check, LLP (Class Counsel), 280 King of Prussia Road, Radnor, PA 19087; (2) E. Powell Miller, Esq. of The Miller Law Firm, P.C (Class Counsel), 950 West University Drive, Suite 300, Rochester, MI 48307; (3) David M. George, Esq., of Dykema Gossett PLLC ( Defendant's Counsel), 2723 South State Street, Suite 400, Ann Arbor, MI 48104; and (4) Joel A. Dewey, Esq. of DLA Piper, LLP (Defendant's Counsel), 6225 Smith Avenue, Baltimore, Maryland 21209.

Any objection to the Settlement Agreement must be individually and personally signed by the Settlement Class Member submitting it (if the Settlement Class Member is represented by counsel, the objection must also be signed by such counsel), and must include:

- The objecting Settlement Class Member's full name, address, and telephone number;

- The model, model year, and vehicle identification number of the objecting Settlement Class Member's Class Vehicle, along with proof that the objector has owned or leased a Class Vehicle (*i.e.*, a true copy of a vehicle title, registration, or license receipt);

- A written statement of all grounds for the objection, accompanied by any legal support for the objection;

- Copies of any papers, briefs, or other documents upon which the objection is based;

- A list of all cases in which the Settlement Class Member and/or his or her counsel filed or in any way participated – financially or otherwise – objecting to a class settlement during the preceding five (5) years.

- The name, address, email address, and telephone number of every attorney representing the objector; and

- A statement indicating whether the objector and/or his or her counsel intends to appear at the Fairness Hearing and, if so, a list of all persons, if any, who will be called to testify in support of the objection.

Any member of the Settlement Class who does not file a timely written objection to the Settlement and notice of his or her intent/non-intent to appear at the Fairness Hearing, or who otherwise fails to comply with the requirements of this section shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

2. ***Request for Exclusion***

Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion ("Request for Exclusion") to the Settlement Claims Administrator at the address specified in the Class Notice by the date specified in the Preliminary Approval Order

and recited in the Class Notice. To be effective, the Request for Exclusion must be sent via first-class U.S. mail to the specified address and:

- Include the Settlement Class Member's full name, address, and telephone number;

- Identify the model, model year, and vehicle identification number of the Settlement Class Member's Class Vehicle(s);

- Explicitly and unambiguously state his or her desire to be excluded from the Settlement Class in *Suresh Persad, Daniel G. Wright, and Robert S. Drummond v. Ford Motor Company*; and

- Be individually and personally signed by the Settlement Class Member (if the Settlement Class Member is represented by counsel, it must also be signed by such counsel).

Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion sent to the proper address, shall be subject to and bound by this Settlement Agreement and every order or judgment entered pursuant to this Settlement Agreement. Any purported Request for Exclusion or other communication sent to such address that is unclear or internally inconsistent with respect to the Settlement Class Member's desire to be excluded from the Settlement Class will be deemed invalid unless determined otherwise by the Court.

The Settlement Administrator will receive purported Requests for Exclusion and will follow guidelines developed jointly by Class Counsel and Ford's counsel for determining in the first instance whether they meet the requirements of a Request for Exclusion. Any communications from Settlement Class Members (whether styled as an exclusion request, an objection, or a comment) as to which it is not readily apparent that the Settlement Class Member meant to exclude himself or herself from the Class will be evaluated jointly by Class Counsel and Ford's counsel, who will make a good faith evaluation, if possible, of the Settlement Class

Member's intentions. Any uncertainties about whether a Settlement Class Member is requesting exclusion from the Settlement Class will ultimately be resolved by the Court.

The Settlement Claims Administrator will maintain a list of all Requests for Exclusion for a period of three (3) years after the closure of the claims administration process. The Settlement Claims Administrator shall report the names and addresses of all such entities and natural persons requesting exclusion to the Court, Ford, and Class Counsel seven (7) days prior to the Final Hearing, and the list of entities and natural persons deemed by the Court to have excluded themselves from the Settlement Class will be attached as an exhibit to the Final Order and Judgment.

## e.      Persons Objecting to the Settlement

Neither Defendant nor the Settlement Class shall be responsible for fees, costs, or expenses related to any Class Members who submit objections to the Settlement Agreement or any appeal by an objector arising from the Litigation for attorneys' fees, costs, or expenses of any kind.

## f.      Fairness Hearing

On the date set forth in the Preliminary Approval Order, a Fairness Hearing will be held at which the Court will: (1) decide whether to finally certify the Settlement Class, (2) decide whether to approve the Settlement Agreement as fair, reasonable, and adequate, (3) decide whether to approve the application for a Service Award for the Named Plaintiffs, and (4) decide whether to approve Class Counsel's Fee and Expense Application and issue an Order memorializing that decision. The Settling Parties will request that the Court hold the Fairness Hearing approximately one month after the deadline for submitting objections and Requests for Exclusion.

### g.  **Final Order and Judgment**

If this Settlement Agreement is finally approved by the Court, a Final Order and Judgment directing the entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) shall be entered substantially in the form attached as Exhibit B, as follows:

- Certifying the Settlement Class for purposes of this Settlement Agreement;

- Approving the Settlement Agreement as fair, reasonable, and adequate as it applies to the Settlement Class;

- Declaring the Settlement Agreement to be binding on Ford and the Plaintiffs, as well as all members of the Settlement Class;

- Dismissing on the merits and with prejudice the Amended Class Action Complaint in *Suresh Persad, Daniel G. Wright, and Robert S. Drummond v. Ford Motor Company*;

- Forever discharging the Released Parties from all Released Claims;

- Indicating the amount of the Service Award for the Named Plaintiffs;

- Indicating the amount of attorneys' fees and expenses to be awarded to Class Counsel; and

- Providing that all Settlement Class Members who did not request exclusion from the Settlement Class be permanently enjoined from commencing or prosecuting any action, suit, proceeding, claim, or cause of action asserting the Released Claims in any court or before any tribunal.

### h.  **Withdrawal from Settlement**

Either party shall have the option to withdraw from this Settlement Agreement, and to render it null and void, if any of the following occurs:

- Any objections to the proposed settlement are sustained and such objection results in Court-ordered requested changes to the Settlement Agreement that the withdrawing party deems

to be material (*e.g.*, because it increases the cost of the settlement, delays approval and/or implementation of the Settlement, or deprives the withdrawing party of a benefit of the Settlement);

- Any attorney general is allowed to intervene in the action and such intervention results in Court-ordered requested changes to the agreement that the withdrawing party deems to be material (*e.g.*, because it increases the cost of the Settlement, delays approval and/or implementation of the Settlement, or deprives the withdrawing party of a benefit of the Settlement);

- The preliminary or final approval of the Settlement Agreement is not obtained without modification to the proposed preliminary and final approval orders attached as exhibits to this Settlement Agreement, and any modification to such orders requested by the Court as a condition for approval is deemed to be material and is not agreed to by the withdrawing party (*e.g*., because it increases the cost of the Settlement, delays approval and/or implementation of the Settlement, or deprives the withdrawing party of a benefit of the Settlement); or

- Entry of the Final Order and Judgment described in this Settlement is reversed or modified by an appellate court in a manner that the withdrawing party deems to be material, except that a reversal or modification of an order awarding reasonable attorneys' fees and expenses shall not be a basis for withdrawal.

Ford shall, in addition, have the right to withdraw from this Settlement Agreement, and to render it null and void, if Settlement Class Members collectively owning or leasing 5,000 or more Class Vehicles exclude themselves from the Settlement.

To withdraw from the Settlement Agreement under this Section, the withdrawing party must provide written notice of withdrawal to the other party's counsel and to the Court. In the event either party withdraws from the Settlement, this Settlement Agreement shall be null and void, shall have no further force and effect with respect to any party in the Litigation, and shall not be offered in evidence or used in any litigation for any purpose, including the existence, certification, or maintenance of any purported class. In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Settling Parties, and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law, and shall not be admitted into evidence or otherwise used in any manner for any purpose, and all parties to the Litigation shall stand in the same position as if this Settlement Agreement had not been negotiated, made, or filed with the Court. Upon withdrawal, either party may elect to move the Court to vacate any and all orders entered pursuant to the provisions of this Settlement Agreement.

<b>i.      Release of Settlement Class Members' Claims</b>

Upon the Effective Date of the Settlement, the Named Plaintiffs and each Settlement Class Member shall be deemed to have, and by operation of the Final Order and Judgment shall have, released, waived, and discharged the Released Parties from his, her, or its Released Claims, as defined above.  This release shall run with the vehicle if the Settlement Class Member transfers ownership of the Class Vehicle.

## IV.     MISCELLANEOUS PROVISIONS

<b>a.      Class Certification</b>

For the purposes of this Settlement only, and not for purposes of litigation in this or any other action, Named Plaintiffs assert, and Ford will not object, that certification of the Settlement Class is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3).

25

b.    **Effect of Exhibits**

The exhibits to this Settlement Agreement are an integral part of the Settlement and are expressly incorporated and made a part of this Settlement Agreement.

c.    **No Admission**

This Settlement Agreement is for settlement purposes only. Neither the fact of, nor any provision contained in this Settlement Agreement, nor any action taken hereunder, shall constitute, or be construed as, any admission of the validity of any claim, defense, or any fact alleged in the Litigation or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Ford or any admissions by Ford of any claim or allegation made in any action or proceeding against Ford. If this Settlement Agreement is terminated and becomes null and void, the class action portions of this Settlement shall have no further force and effect with respect to any party to the Litigation and shall not be offered in evidence or used in the Litigation or any other proceeding. This Settlement Agreement shall not be offered or be admissible in evidence against Ford or cited or referred to in any action or proceeding, except in an action or proceeding brought to enforce the terms of this Settlement Agreement or to enforce any Order of the Court approving the terms of this Settlement Agreement. Information provided by Ford to the Plaintiffs and Class Counsel in connection with settlement negotiations is for settlement purposes only and shall not be used or disclosed for any other purpose whatsoever.

d.    **Return of Confidential Documents**

Upon the Effective Date of Settlement, all documents and information marked or designated as "Confidential," as defined in and subject to the Protective Order, signed November 15, 2018, or any other protective order entered in this Litigation, shall be disposed of within the time frame and according to the procedures set forth in the Protective Order.

### e.     <u>Entire Agreement</u>

This Settlement Agreement represents the entire agreement and understanding among the Settling Parties and supersedes all prior proposals, negotiations, agreements, and understandings relating to the subject matter of this Settlement Agreement. The Settling Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part or all of the subject matter of this Settlement Agreement has been made or relied on except as expressly set forth in this Settlement Agreement. No modification or waiver of any provisions of this Settlement Agreement shall in any event be effective unless the same shall be in writing and signed by the person against whom enforcement of the Settlement Agreement is sought.

### f.     <u>Counterparts</u>

This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any party who has signed it, and all of which shall be deemed a single agreement.

### g.     <u>Arm's-Length Negotiations</u>

The Settling Parties have negotiated all of the terms and conditions of this Settlement Agreement at arm's-length. All terms, conditions, and exhibits in their exact form are material and necessary to this Settlement Agreement and have been relied upon by the Settling Parties in entering into this Settlement Agreement. The Settling Parties have both participated in the drafting of this agreement and it is not to be construed in favor of or against either of the Settling Parties.

### h.     <u>Dispute Resolution</u>

Any dispute, challenge, question, or the like relating to this Settlement Agreement (other than those which this Settlement Agreement provides shall be resolved by otherwise) shall be heard only by this Court.

### i.   <u>Continuing Jurisdiction</u>

The Court shall retain continuing and exclusive jurisdiction over the parties to this Settlement Agreement, including all Settlement Class Members, for the purpose of the administration and enforcement of this Settlement Agreement.

### j.   <u>Binding Effect of Settlement Agreement</u>

This Settlement Agreement shall be binding upon and inure to the benefit of the Settling Parties and their representatives, heirs, successors, and assigns.

### k.   <u>Nullification</u>

In the event any one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect other provisions if Ford and Class Counsel mutually elect to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Settlement Agreement.

### l.   <u>Extensions of Time</u>

The Settling Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement, without further notice (subject to Court approval as to Court dates).

### m.   <u>Service or Notice</u>

Whenever, under the terms of this Settlement Agreement, a person is required to provide service or written notice to Ford or Class Counsel, such service or notice shall be directed to the individuals and addresses specified below, unless those individuals or their successors give notice to the other Settling Parties in writing:

<u>As to Plaintiffs</u>:      Joseph H. Meltzer, Esq.
                           Ethan J. Barlieb, Esq.
                           Kessler Topaz

Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

*and*

E. Powell Miller, Esq.
The Miller Law Firm, P.C.
950 West University Drive, Suite 300
Rochester, MI 48307

As to Ford:      David M. George, Esq.
Dykema Gossett PLLC
2723 South State Street, Suite 400
Ann Arbor, MI 48104

*and*

Joel A. Dewey, Esq.
DLA Piper LLP
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209

**n.      Authority to Execute Settlement Agreement**

Each counsel or other person executing this Settlement Agreement or any of its exhibits on

behalf of any party hereto warrants that such person has the authority to do so.

\*      \*      \*      \*      \*      \*

IN WITNESS WHEREOF, the parties hereto through their fully authorized representatives have agreed to this Stipulation and Agreement of Settlement as of the date first herein above written.

By: _____
    Joseph H. Meltzer
    KESSLER TOPAZ
    MELTZER & CHECK, LLP
    280 King of Prussia Road
    Radnor, PA 19087
    Tel: (610) 667-7706
    jmeltzer@ktmc.com


By: _____
    E. Powell Miller
    THE MILLER LAW FIRM, P.C.
    950 West University Drive, Suite 300
    Rochester, MI 48307
    Tel: (248) 841-2200
    epm@millerlawpc.com

    Counsel for Plaintiffs


By: _____
    Joel A. Dewey
    Jeffrey M. Yeatman
    DLA PIPER LLP
    The Marbury Building
    6225 Smith Avenue
    Baltimore, Maryland 21209
    Tel: (410) 580-4135
    joel.dewey@dlapiper.com
    jeffrey.yeatman@dlapiper.com

    Counsel for Defendant

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| SURESH PERSAD, DANIEL G. WRIGHT and ROBERT S. DRUMMOND, individually and on behalf of all others similarly situated, | Civil Action No. 2:17-cv-12599-TGB-MKM |
| | Hon. Terrence G. Berg |
| Plaintiffs, | Magistrate Judge Mona K. Majzoub |
| v. | |
| FORD MOTOR COMPANY, | |
| Defendant. | |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs Suresh Persad, Daniel Wright, and Robert Drummond, and Defendant Ford Motor Company (together, the "Parties"), by and through their undersigned attorneys, hereby submit this proposed Stipulated Order for Preliminary Approval Class Action Settlement:

WHEREAS, the Court having reviewed and considered the Motion for Preliminary Approval and supporting materials filed by Settlement Class Counsel;

WHEREAS, the Court held a hearing on the Motion for Preliminary Approval on _____; and

WHEREAS, this Court has fully considered the record and the requirements of law; and good cause appearing;

- 1 -

IT IS THIS _____ day of _____, 2020 ORDERED that the Settlement is hereby PRELIMINARILY APPROVED.  The Court further finds and orders as follows:

1.     The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d), and venue is proper in this district.

2.     The Court has personal jurisdiction over the Plaintiffs, Settlement Class Members, and the Defendant.

3.     To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned in the Settlement Agreement.

4.     The Settlement was the result of the Parties' good-faith negotiations. The Settlement was entered into by experienced counsel and only after extensive arm's length negotiations.  The Settlement is not the result of collusion.

5.     The proceedings that occurred before the Parties reached the Settlement gave counsel the opportunity to adequately assess this case's strengths and weaknesses and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses.

6.     The Court has carefully reviewed the Settlement Agreement and finds that the Settlement is fair, reasonable, adequate and meets the standards for preliminary approval under Fed. R. Civ. P. 23(a) and (b).  Accordingly, the Court preliminarily approves all terms of the Settlement and all of its Exhibits.

7.     The Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All entities and natural persons in the United States (including its Territories and the District of Columbia) who currently own or lease (or who in the past owned or leased) a model year 2016 and 2017 Ford Explorer sold or leased in the United States, excluding 2016 and 2017 Police Interceptor Utility Ford Explorers (the "Settlement Class").

Excluded from the Settlement Class are Excluded from the Settlement Class are (1) all federal court judges who have presided over this case and any members of their immediate families; (2) all entities and natural persons who elect to exclude themselves from the Settlement Class; (3) all entities and natural persons who delivered to Ford releases of all their claims; and (4) Ford's employees, officers, directors, agents, and representatives, and their family members.

8.     The Court hereby conditionally appoints the following Plaintiffs as Class Representatives for the Settlement Class: Suresh Persad, Daniel G. Wright, and Robert S. Drummond.

9.     The Court finds that the Class Representatives will fairly and adequately protect and represent the interests of all members of the Settlement Class and the interest of the Class Representatives are not antagonistic to those of the Settlement Class. The Class Representatives are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

10.     The Court has reviewed and finds that the content of the proposed forms of Notice attached as Exhibits C and D to the Settlement Agreement, which are to be displayed, along with the Settlement Agreement and its Exhibits, on the Settlement Website, satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and Due Process and accordingly approves the Notice and Claim Form.

11.     The Court further approves the proposed methods for giving notice of the Settlement to members of the Settlement Class, as reflected in the Settlement Agreement.  The Court has reviewed the plan for distributing Notice to the Settlement Class ("Notice Plan"), and finds that Settlement Class members will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal that on an agreed upon date with the Settlement Claims Administrator, but in no event more than seventy-five (75) days after entry of the Preliminary Approval Order, the Settlement Claims Administrator shall cause individual Short Form Class Notice, substantially in the form attached to the Settlement Agreement as Exhibit C, to be mailed, by first class mail, to the current or last known addresses of all reasonably identifiable Settlement Class Members. The Court specifically approves the procedures set forth in the Settlement Agreement for identifying Settlement Class Members and notifying Settlement Class Members whose initial mailings are returned undeliverable. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best

notice practicable under the circumstances and will satisfy the requirements of Fed. R. Civ. P. 23(c)(2) and Fed. R. Civ. P. 23(e)(1) and Due Process.

12. The Court preliminarily finds that the following counsel fairly and adequately represent the interests of the Settlement Class and hereby conditionally appoints Joseph H. Meltzer, E. Powell Miller and the law firms Kessler Topaz Meltzer & Check, LLP and The Miller Law Firm, P.C. as Class Counsel.

13. The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2), a Fairness Hearing will be held on _____ [at least 155 days after entry of Preliminary Approval Order], to consider final approval of the Settlement (the "Fairness Hearing") including, but not limited to, the following issues: (1) to determine whether to grant final approval to (a) the certification of the Settlement Class, (b) the designation of Plaintiffs as representatives of the Settlement Class, (c) the designation of Class Counsel as counsel for the Settlement Class, and (d) the settlement; (2) to rule on Class Counsel's request for an award of attorneys' fees and reimbursement of costs and for Service Awards to Class Representatives; and (3) to consider whether to enter the Final Approval Order. The Fairness Hearing may be adjourned by the Court and the Court may address matters set out above, including final approval of the Settlement, without further notice to the Settlement Class other than notice that may be posted at the Court and on the Court's and Settlement Claims Administrator's websites.

14.     The Court directs that no later than fourteen (14) days prior to the Final Fairness Hearing, Class Counsel shall file all memoranda, including affidavits, declarations, and other evidence in support of the request for final approval of the Settlement; Class Counsels' request for approval of attorneys' fees, costs, and reimbursement of expenses; and the request for Service Awards to the individual Named Plaintiffs. The Court further directs that no later than seven (7) days prior to the Final Fairness Hearing, Class Counsel shall file any supplemental memoranda addressing any objections and/or opt-outs. If Class Counsel and Defense Counsel do not reach agreement on reasonable attorney fees and costs/expenses, the Parties shall meet and confer to agree upon a schedule for Defendant to file opposition to Class Counsel's motion for attorney fees and costs/expenses, which shall be at least sixty (60) days, Plaintiffs' reply thereto, and whether the date of the Fairness Hearing needs to be changed.

15.     Persons wishing to object to the proposed Settlement and/or be heard at the Fairness hearing shall following the following procedure:

(a)     To object, a member of the Settlement Class, individually or through counsel, must file a written objection with the Court, and must also serve a copy thereof upon the following, postmarked no later than forty-five (45) days after the Notice Date:

**Counsel for Plaintiffs:**

Joseph H. Meltzer, Esq.
Ethan J. Barlieb, Esq.
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

E. Powell Miller, Esq.
The Miller Law Firm, P.C
950 West University Drive, Suite 300
Rochester, MI 48307

**Counsel for Defendant:**

David M. George, Esq.
Dykema Gossett PLLC
2723 South State Street, Suite 400
Ann Arbor, MI 48104

Joel A. Dewey, Esq.
DLA Piper, LLP
6225 Smith Avenue
Baltimore, Maryland 21209

(b)     Any objecting Settlement Class member must include with his or her objection:

    i.     The objecting Settlement Class Member's full name, address, and telephone number;

    ii.    The model, model year, and vehicle identification number of the objecting Settlement Class Member's Class Vehicle, along with proof that the objector has owned or leased a Class Vehicle (*i.e.*, a true copy of a vehicle title, registration, or license receipt);

iii.    A written statement of all grounds for the objection, accompanied by any legal support for the objection;

iv.    Copies of any papers, briefs, or other documents upon which the objection is based;

v.    A list of all cases in which the Settlement Class Member and/or his or her counsel filed or in any way participated – financially or otherwise – objecting to a class settlement during the preceding five (5) years.

vi.    The name, address, email address, and telephone number of every attorney representing the objector; and

vii.    A statement indicating whether the objector and/or his or her counsel intends to appear at the Fairness Hearing and, if so, a list of all persons, if any, who will be called to testify in support of the objection.

(c) Subject to the approval of the Court, any objecting Settlement Class Member may appear, personally or by counsel, at the final fairness hearing to explain why the proposed settlement should not be approved as fair, reasonable, and adequate, or to object to any motion for Class Counsel Fees and Expenses or incentive awards. Any Settlement Class Member who does not provide a notice of intention to appear at the hearing in accordance with the deadlines and other specifications set forth in the Settlement Agreement and Notice, or who has not filed an objection in accordance with the deadlines and other specifications set forth in the Settlement Agreement and the Notice, may be deemed to have waived any

objections to the settlement and any adjudication or review of the Settlement, by appeal or otherwise.

(d) Any Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement and/or Class Counsel's motion for attorneys' fees and reimbursement of litigation expenses. Such Class Member shall forever be barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, or the requested attorneys' fees and litigation expenses, and otherwise from being heard concerning the Settlement, or the attorneys' fees and expenses request in this or any other proceeding.

16.    The Court appoints KCC Class Action Services as the Settlement Claims Administrator. The Parties are hereby authorized to retain the Settlement Claims Administrator to supervise and administer the Notice procedure as well as the processing of Claims.

17.    All Settlement Class members shall have the right to opt out of the Settlement Class at any time during the opt-out period. The opt-out period shall run for forty-five (45) days from the Notice Date. Any Settlement Class Member who elects to opt out of the Settlement Class (i) shall not be bound by any orders or judgments entered in this Action; (ii) shall not be entitled to relief under, or be affected by, the Settlement Agreement; (iii) shall not gain any rights by virtue of this

Settlement Agreement; and (iv) shall not be entitled to object to any aspect of this Settlement Agreement. Any Settlement Class Member who wishes to opt out of the Settlement Class may do so by submitting a request for exclusion ("Request for Exclusion") to the Settlement Claims Administrator as provided in the Notice. To be effective, the Request for Exclusion must be sent via first-class U.S. mail to the specified address and include:

i. The Settlement Class Member's full name, address, and telephone number;

ii. Identify the model, model year, and vehicle identification number of the Settlement Class Member's Class Vehicle(s);

iii. Explicitly and unambiguously state his or her desire to be excluded from the Settlement Class in *Suresh Persad, Daniel G. Wright, and Robert S. Drummond v. Ford Motor Company*; and

iv. Be individually and personally signed by the Settlement Class Member (if the Settlement Class Member is represented by counsel, it must also be signed by such counsel).

The Settlement Claims Administrator shall tabulate communications from Settlement Class Members asking to be excluded from the Settlement Class and shall report the names and addresses of such entities and natural persons to the Court and to Class Counsel no less than seven (7) days before the Fairness Hearing.

18. Any member of the Settlement Class failing to properly and timely mail such a written notice of exclusion shall be automatically included in the Settlement Class and shall be bound by all of the terms and provisions of the Settlement Agreement and the Settlement, including but not limited to the release, and the Final Order and Judgment.

19. Upon Final Approval of the Settlement, all Settlement Class Members who do not timely and properly opt out of the Settlement shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully and completely released, acquitted and discharged the Released Parties from all Released Claims as set forth in the Settlement Agreement, and the Action will be deemed dismissed with prejudice.

20. In the event that the Settlement Agreement is not finally approved, this Preliminary Approval Order shall be rendered null and shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement. If the Settlement Agreement is not finally approved, the Defendant and any other Releasees shall have retained any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). This action shall thereupon revert immediately to their respective procedural and substantive

status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

21.     The Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and the administration, enforcement, and interpretation of the Settlement. Any unresolved disputes or controversies arising with respect to the Settlement shall be presented by motion to the Court, provided however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights as described above.

20.     Pending final determination of the joint application for approval of this Settlement Agreement, all proceedings in this Litigation other than settlement approval proceedings shall be stayed and all Settlement Class Members who do not validly request exclusion from the Settlement Class shall be enjoined from commencing or prosecuting any action, suit, proceeding, claim, or cause of action in any court or before any tribunal based on Exhaust Odor in the Class Vehicles.


**IT IS SO ORDERED.**


Dated: _____          By: _____
                                       Judge Terrence G. Berg
                                       United States District Judge

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| SURESH PERSAD, DANIEL G. WRIGHT and ROBERT S. DRUMMOND, individually and on behalf of all others similarly situated, | Civil Action No. 2:17-cv-12599-TGB-MKM |
| | Hon. Terrence G. Berg |
| Plaintiffs, | Magistrate Judge Mona K. Majzoub |
| v. | |
| FORD MOTOR COMPANY, | |
| Defendant. | |

## FINAL APPROVAL ORDER AND JUDGMENT

THIS MATTER having come before the Court for consideration of the Parties' application for Final Approval of Class Action Settlement, in accordance with the Parties' Settlement Agreement.

WHEREAS, Defendant Ford Motor Company ("Ford") and Plaintiffs Suresh Persad, Daniel G. Wright, and Robert S. Drummond ("Named Plaintiffs") reached a Class settlement (the "Settlement");

WHEREAS, the Parties submitted the Settlement Agreement together with Plaintiffs' Unopposed Motion for Preliminary Approval of the proposed settlement to the Court;

WHEREAS, the Court provisionally certified a Settlement Class and gave its preliminary approval of the Settlement on _____ date (the "Preliminary Approval Order") and directed the Parties to provide notice to the Class of the proposed Settlement and the Final Approval Hearing by regular mail and via the internet;

WHEREAS, the Court appointed Settlement Claims Administrator KCC Class Action Services effectuated notice to the Settlement Class in accordance with the Preliminary Approval Order and also pursuant to the notice requirements set forth in 28 U.S.C. § 1715;

WHEREAS, Named Plaintiffs submitted their Motion for Final Approval of Class Settlement, Award of Attorneys' Fees and Expenses, and Approval of Incentive Awards on _____; and

WHEREAS, on _____, the Court conducted the Final Approval Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate, whether the Settlement should be granted final approved by this Court, whether Class Counsel's request for attorneys' fees and reimbursement of expenses in the amount of $3,500,000.00 should be awarded; and whether the request for an incentive award to each of the Named Plaintiffs in the amount of $10,000.00 should be approved; and

WHEREAS, the parties having appeared at the Final Approval Hearing.

THEREFORE, after reviewing the pleadings and evidence filed in support of final approval of the Settlement as well as Plaintiffs' requested award for attorney's fees, reimbursement of expenses and Incentive Awards and supporting documentation, and hearing the attorneys for the parties,

**IT IS ON THIS ___ day of _____, 2021, ORDERED and, ADJUDGED that the Court finds and orders as follows**:

1.    All terms herein shall have the same meaning as defined in the Settlement Agreement.

2.    This Court has jurisdiction over the subject matter of this Litigation and over the Parties to this Litigation including all Settlement Class Members.

3.    The Court confirms its previous preliminary findings in the Preliminary Approval Order.

4.    For purposes of Settlement, the Litigation satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and 23 (b)(3). The Class or Settlement Class as defined in Sections I(d) and I(t) of the Settlement Agreement and also defined below is so numerous that joinder of all members is not practicable, questions of law and fact are common to the Settlement Class, the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class and the Settlement Class Representatives have fairly and adequately protected the interests of the Settlement Class. Questions of law and fact common to the

members of the Settlement Class predominate over any questions affecting only individual members, and class action treatment is superior over individual actions.

5.     Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, by mailing such Notice by first-class mail. The Settlement Claims Administrator, KCC Class Action Services, also placed the Notice on its website, www.xxxxxxxxxxxx.com. Thus, notice has been given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.

6.     In accordance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, the Settlement Claims Administrator caused to be mailed a copy of the proposed class action settlement and all other documents required by law to the Attorney General of the United States and the Attorneys General in each of the jurisdictions where class members reside. None of the Attorneys General filed objections to the Settlement.

7.     The Settlement was a result of arm's-length negotiation by experienced counsel with an understanding of the strengths and weaknesses of their respective cases. Among the factors that they considered are those set forth in the Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement. The Parties have agreed to the Settlement without any admission of wrongdoing by Defendant, which

has been denied, and to avoid further expense, uncertainty, inconvenience, and interference with their ongoing business. As part of this litigation, Class Counsel has conducted a detailed investigation of the facts and analyzed the relevant legal issues. Although the Class Representatives and Class Counsel believe that the claims asserted in the Complaint have merit, they also have examined the benefits to be obtained under the Settlement compared to the costs, risks, and delays associated with the continued litigation of these claims.

8.    The Settlement is fair, reasonable and adequate, and serves the best interests of the Settlement Class, in light of all the relevant factors including the benefits afforded to the Settlement Class, the complexity, expense, uncertainty and duration of litigation, and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

9.    The Parties and Settlement Class Members have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of this Settlement.

10.    It is in the best interests of the Parties and the Settlement Class Members, and consistent with principles of judicial economy, that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or this Final Order

and Judgment should be presented exclusively to this Court for resolution.

11.     The Court certifies the following Settlement Class for purposes of Settlement only:

> All entities and natural persons in the United States (including its Territories and the District of Columbia) who currently own or lease (or who in the past owned or leased) a model year 2016 and 2017 Ford Explorer sold or leased in the United States, excluding 2016 and 2017 Police Interceptor Utility Ford Explorers (the "Settlement Class").

Excluded from the Settlement Class are Excluded from the Settlement Class are (1) all federal court judges who have presided over this case and any members of their immediate families; (2) all entities and natural persons who elect to exclude themselves from the Settlement Class; (3) all entities and natural persons who delivered to Ford releases of all their claims; and (4) Ford's employees, officers, directors, agents, and representatives, and their family members.

12.     The Settlement Agreement submitted by the Parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms.

13.     The Parties and each person within the definition of the Settlement Class are hereby bound by the terms and conditions of the Settlement Agreement, except for those who have duly and timely excluded themselves. Attached to this

Final Order and Judgment as [Exhibit A] is a list of the names of each Settlement Class Member who/which has filed a timely and proper request for exclusion from the Settlement Class under the procedures set forth in the Settlement Agreement.

14.    The Court hereby appoints the following persons as Settlement Class Representatives: Suresh Persad, Daniel G. Wright, and Robert S. Drummond.

15.    The Court hereby appoints Joseph H. Meltzer, E. Powell Miller and the law firms Kessler Topaz Meltzer & Check, LLP and The Miller Law Firm, P.C. as Class Counsel.

16.    The Litigation is hereby dismissed with prejudice and without costs. This Judgment has been entered without any admission by any Party as to the merits of any allegation in this Litigation and shall not constitute a finding of either fact or law as to the merits of any claim or defense asserted in the Litigation.

17.    The Released Claims of all Settlement Class Members are hereby fully, finally and forever released, discharged, compromised, settled, relinquished and dismissed with prejudice against all of the Released Parties.

18.    Members of the Settlement Class and their successors and assigns are hereby permanently barred and enjoined from asserting, commencing, prosecuting or continuing to prosecute, either directly or indirectly, in any manner, any Released Claim against any one of the Released Parties in any forum, with the exception of any Settlement Class Members who have duly and timely excluded themselves.

19.    The Settlement Agreement, Settlement related documents and/or the Court's approval thereof, does not constitute, and is not to be used or construed as any admission by Defendant or by any Released Party of any allegations, claims or alleged wrongdoing.

20.    The Court approves an award of $10,000 to each of the Plaintiffs: Suresh Persad, Daniel G. Wright, and Robert S. Drummond, as a reasonable payment for their efforts, expenses and risk as Plaintiffs in bringing this action, which shall be paid by Defendant as provided in the Settlement Agreement.

21.    Without affecting the finality of this judgment, the Court's retained jurisdiction of this Settlement also includes the administration and consummation of the Settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction of, and the Parties and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court for, any suit, action, proceeding or dispute arising out of or relating to this Final Order and Judgment, the Settlement Agreement, or the Applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding

arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the Parties hereto and all persons within the definition of the Settlement Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

22.    The Court finds that the Settlement Class Members were given a full and fair opportunity to object to the Settlement, to exclude themselves from the Settlement Class and/or to appear at the final fairness hearing pursuant to the requirements set forth in the Settlement Agreement and Preliminary Approval Order.

23.    The Objection[s] filed are hereby [denied].

24.    The Court finds that no just reason exists for delay in entering this Final Order and Judgment. Accordingly, the Clerk is hereby directed to enter final judgment.

**IT IS SO ORDERED.**

Dated: _____     By: _____
                                   Judge Terrence G. Berg
                                   United States District Judge

# EXHIBIT C

2016 & 2017 FORD EXPLORER
EXHAUST ODOR CLASS ACTION SETTLEMENT
P.O. BOX _____
_____, __ _____-_____

Presorted
First~Class
Mail
US  Postage
**PAID**

**LEGAL NOTICE BY ORDER OF THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**You may be entitled to benefits if you now own or lease (or used to own or lease)**
**model year 2016 and 2017 Ford Explorer.**

**PLEASE READ THIS NOTICE CAREFULLY**
**BECAUSE IT COULD AFFECT YOUR RIGHTS**

Class Member Name
Class Member Address
Class Member City/State/Zip

This Notice contains information about a class action settlement.
More detailed information can be found at:

www.xxxxxxxxxxxxxxxxxxxxx.com

Questions? Call 1-800-___-____

If the Settlement is approved by the Court and you do not exclude yourself, you must thereafter go to
www.xxxxxxxxxxxxxxxxxxxx.com to download a claim form, and follow the instructions on that form to submit a
claim.  You ***must*** submit a claim to be eligible for monetary benefits from this Settlement.

---

A proposed nationwide class action settlement has been reached in a lawsuit against Ford
Motor Company. The case concerns owners or lessees of model year 2016-2017 Ford Explorer
vehicles (excluding 2016 and 2017 Police Interceptor Utility Ford Explorers) ("Class
Vehicles"). The lawsuit alleges that that Ford sold model year 2016 and 2017 Ford Explorers
that are defective because exhaust fumes may enter the passenger compartment of those
vehicles. Ford denies these allegations. This Settlement resolves the case and provides benefits
to all Class Members, including monetary benefits to eligible Class Members who submit
valid claims.

**Who is included?**  You are a Class Member if you are a current or former owner or lessee of
one or more Class Vehicles.

**Are repairs available?**  Yes. You can look up whether the repairs have been performed on
your Class Vehicle by visiting the website www.xxxxxxxxxxxxxx.com and looking up your
Class Vehicle by Vehicle Identification Number ("VIN").  **You may also be eligible for**
**partial-reimbursement of post-warranty repair costs.**

**What can I get?**  If approved by the Court, and if you submit a Claim Form and supporting
documentation, Ford may reimburse you for certain out-of-pocked expenses incurred
obtaining repairs performed to address exhaust odor in your Class Vehicle during and you paid
an Authorized Ford Dealer for the parts and labor after expiration of the Warranty Coverage
Period ("Post-Warranty Repair Costs"), you are eligible for partial reimbursement of such
Post-Warranty Repair Costs if they occur within the later of (1) 4 years or 48,000 miles after
the vehicle was placed in service (whichever comes first) or (2) [DATE (120 days after the

1

completion of Class Notice)].  Maximum available reimbursement amounts will be $125 or $400 per repair, depending on the nature of the repair.  These amounts may be combined for repairs to a single Class Vehicle that involve both types of repairs, even if those repairs occur on different visits (so long as they occur within the time and/or mileage requirements above). The Long Form Notice fully describes Settlement benefits, including these reimbursement options.  Go to www.xxxxxxxxxxxxxxxxx.com to obtain a copy of the Long Form Notice.

**What are my options?** You can stay in the case (by doing nothing right now), exclude yourself, or object to the settlement. The only way to receive a settlement payment is to file a valid claim. You may not file a claim if you exclude yourself. If the Court approves the settlement and you have not excluded yourself, you will be bound by all the Court's orders and judgments, even if you do not file a claim.

**How do I file a claim?** If you are a Class Member and you have documentation for your exhaust odor repair(s), you should complete the Claim Form signed under penalty of perjury that will be made available on www.xxxxxxxxxxxxxxxxxx.com if the Court approves this Settlement.

---

**How do I exclude myself from the Settlement?** If you wish to be excluded from the Settlement Class, receive no benefits from the Settlement and retain all your rights, the Settlement Claims Administrator must receive a request for exclusion sent via first-class mail on or before _____ _____, 2020.  Your request must include all the information specified in the Long Form Notice that is available at www.xxxxxxxxxxx.com or by calling 1-800-000-0000.

**How do I object to the Settlement?** If you do not exclude yourself from the Settlement but you wish to object to it, you may object in writing by _____ ___, 2020 by following the procedures in the Long Form Notice that is
available at www.xxxxxxxxxxx.com or by calling 1-800-000-0000.

**What happens next?** A hearing will be held before Terrence G. Berg of the U.S. District Court for the Eastern District of Michigan, 231 W. Lafayette Blvd., Room 253 Detroit, MI 48226, on _____, 2020, at __:__ -m on whether to approve the Settlement, including the award of Class Counsel's attorneys' fees and expenses (up to $3,500,000 to be paid by Ford) and the service award to the Class Representatives (up to $30,000.00, to be allocated equally among the Named Plaintiffs).  You or your attorney also may ask permission to speak at the hearing at your own cost.

**Who represents me?** The Court has appointed attorneys Joseph H. Meltzer, E. Powell Miller and the law firms Kessler Topaz Meltzer & Check, LLP and The Miller Law Firm, P.C. as Class Counsel to represent the Class. You will not be charged for these attorneys, but you may hire an attorney to represent you at your own expense.

**How do I get more information?** For more information, including the Long Form Class Notice and Settlement Agreement, go www.xxxxxxxxxxxxxxx.com or call 1-800-000-0000.

*Carefully separate this Address Change Form*
*at the perforation*

Place

Stamp

Here

**<u>Address Change Form</u>**

To make sure your information remains
up-to-date in our records, please confirm
your address by filling in the following information
and depositing this postcard in the U.S. Mail.

Name: _____

Current Address: _____

City:_____

State:_____ Zip Code:_____

2016 & 2017 FORD EXPLORER EXHAUST
ODOR CLASS ACTION SETTLEMENT
P.O. BOX  ____

_____, __ _____-_____

# EXHIBIT D

CLASS NOTICE

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

If you now own or lease (or used to own or lease) model year 2016 and 2017 Ford Explorers sold or leased in the United States, you may be entitled to benefits afforded by a class action settlement. This notice is being mailed to you because you have been identified as owning or leasing a Class Vehicle as defined below.

*Your legal rights are affected whether you act or don't act. Read this Notice carefully.*

**1.      THE LITIGATION:** This class action claimed that Ford sold model year 2016 and 2017 Ford Explorers that are defective because exhaust fumes may enter the passenger compartment of those vehicles. The class action, pending in the United States District Court for the Eastern District of Michigan, is entitled *Suresh Persad, Daniel G. Wright, and Robert S. Drummond v. Ford Motor Company*, No. 2:17-cv-12599-TGB-MKM, (the "Action" or "Litigation").

**2.      FORD'S POSITION:** Ford denies all allegations of wrongdoing asserted in the Litigation, including that the Class Vehicles are defective and that Ford is liable to any buyer, lessee, or operator of the Class Vehicles under any legal claim. Nonetheless, Ford has agreed to settle the Litigation by providing the benefits described in this Notice.

**3.      NOTICE:** This Notice informs Class Members of the Litigation and the proposed Settlement and describes Class Members' rights and options.

**4.      SETTLEMENT CLASS:** The following Settlement Class has been conditionally certified:

All entities and natural persons in the United States (including its Territories and the District of Columbia) who currently own or lease (or who in the past owned or leased) a model year 2016 and 2017 Ford Explorers sold or leased in the United States, excluding 2016 and 2017 Police Interceptor Utility Ford Explorers ("Class Vehicle").

Excluded from the Settlement Class are: (1) all federal court judges who have presided over this case and any members of their immediate families; (2) all entities and natural persons who elect to exclude themselves from the Settlement Class; (3) all entities and natural persons who delivered to Ford releases of all their claims; and (4) Ford's employees, officers, directors, agents, and representatives, and their family members.

The Court has appointed Joseph H. Meltzer, E. Powell Miller and the law firms Kessler Topaz Meltzer & Check, LLP and The Miller Law Firm, P.C. as Class Counsel.

**5.    SETTLEMENT BENEFITS:** If the Court approves the proposed Settlement at the Fairness Hearing that is scheduled for _____ _____, 2020, Ford will provide the following benefits to Class Members:

**Notice of the Availability of FSA Repairs:** You are hereby notified of the availability of repairs provided under Field Service Actions 17N03 and 19N05 ("FSA Repairs") as well as additional repairs that can be provided by an Authorized Ford Dealer to address Exhaust Odor, including the following repairs performed under TSB 17-0044: (1) inspection and sealing of gaps in the passenger compartment; and (2) installation of a modified exhaust system in vehicles equipped with a normally aspirated 3.5-liter Twin Independent Variable Camshaft Timing ("TiVCT") engine ("TSB Repairs").

You can look up whether the FSA Repairs have been performed on your Class Vehicle by visiting the website www.xxxxxxxxxxxxx.com and looking up your Class Vehicle by Vehicle Identification Number ("VIN").

**Partial Reimbursement of Post-Warranty Repair Costs:** If you had the FSA Repairs performed on your vehicle and you paid an Authorized Ford Dealer for the parts and labor for Exhaust Odor Repairs after expiration of the Warranty Coverage Period ("Post-Warranty Repair Costs"), you are eligible for partial reimbursement of such Post-Warranty Repair Costs if they occur within the later of the below periods:

i.    Repairs occurring within 4 years or 48,000 miles after the vehicle was placed in service (whichever comes first);

ii.    Repairs occurring within 120 days after the completion of Class Notice.

Such TSB Repairs shall be reimbursed as follows:

i.    Up to $125 of the Post-Warranty Repair Costs for the inspection and sealing of gaps in the passenger compartment;

ii.    Up to $400 of the Post-Warranty Repair Costs for the installation of a modified exhaust system in vehicles equipped with a normally aspirated 3.5-liter TiVCT;

iii.    These amounts may be combined to a single Class Vehicle that involve both types of repairs, even if those repairs occur on different visits (so long as they occur within the time and/or mileage requirements above).

**Submission of Claims:** In order to obtain partial reimbursement for Post-Warranty Repair Costs, you must submit a claim to the Settlement Claims Administrator by _____ __, 2021 or 120 days after the date of the TSB Repair for which partial reimbursement is sought, whichever is later. Your claim must include the following information:

- The VIN of the Class Vehicle with respect to which a claim is being made.
- Proof of ownership of the vehicle during the time of any qualified TSB Repair for which a claim is being made.

2

- Evidence sufficient to show that the Settlement Class Member obtained an TSB Repair to a Class Vehicle that qualifies for partial reimbursement of Post-Warranty Repair Costs under the Settlement Agreement, including:
  - Information showing that the Class Vehicle received a TSB Repair;
  - The date(s) of the TSB Repair;
  - The mileage on the Class Vehicle as of the date of the TSB Repair.
- Proof of the amount of Post-Warranty Repair Costs the Settlement Class Member paid to obtain the TSB Repair.

You will receive these benefits only if the Court approves the proposed Settlement following the Fairness Hearing on _____ ____, 2021, and only if you remain a Member of the Settlement Class. If you exclude yourself from the Settlement, you will not receive any benefits.

To monitor the status of the proposed Settlement, to learn if and when it is approved, and to obtain claims forms, you may visit www.xxxxxxxxxxxxxxxxxxx.com or call xxx-xxx-xxxx.

**6.     ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS:** The Parties negotiated the payment of attorneys' fees and costs, subsequent to and separate and apart from the Class relief. Moreover, the Settlement is not contingent on the award of any particular amount of attorneys' fees and costs, or service award. Like all class action settlements, the amount of attorneys' fees and costs awarded to Class Counsel is left to the discretion of the Court. The Parties have agreed that separate and apart from the relief Ford will provide to the Settlement Class, and subject to Court approval, Ford will pay an award of reasonable attorneys' fees of $3,000,000 (three million dollars), and expenses of $500,000 (five hundred thousand dollars), to Class Counsel, less any amounts the Court approves as a service award to the Class Representatives. Class Counsel will apply for a service award of $30,000.00, to be allocated by the Court equally among the Named Plaintiffs. Class Counsel will file any motion for attorneys' fees and costs, and service award to the Class Representatives on or before _____, **2020.**

**7.     RESULT IF COURT APPROVES SETTLEMENT:** If the Court approves the proposed Settlement, it will dismiss the Litigation, and Ford will provide the benefits described above to the Settlement Class Members who have not excluded themselves from the Class. Settlement Class Members will be barred from pursuing non-personal injury lawsuits based on Exhaust Odor in the Class Vehicles. Therefore, if you want to bring your own lawsuit against Ford, you must exclude yourself from this Settlement.

**8.     YOUR OPTIONS:** If you are a member of the Settlement Class, you have the following four options (you may only choose one option): (1) submit a claim; (2) ask to be excluded; (3) object, or (4) do nothing.  Objecting is simply telling the Court that you do not like something about the Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and the Settlement.  If you exclude yourself, you have no basis to object because the case no longer affects you.

| SUBMIT A CLAIM | **If you wish to receive monetary compensation from the Settlement, you must submit a claim.  Claims** must be submitted to the Settlement Claims Administrator by **_____ __, 2021 or 120 days after the date of the TSB** |
|---|---|

| | |
|---|---|
| | **Repair for which partial reimbursement is sought, whichever is later**. |
| **ASK TO BE EXCLUDED** | **If you wish to be excluded from the Settlement Class, receive no benefits from the Settlement and retain all your rights, the Settlement Claims Administrator must receive a request for exclusion sent via first-class mail on or before _____ _____, 2020.**<br><br>Your exclusion communication must include your full name, address, and telephone number; the year, model, and vehicle identification number of your Class Vehicle; a clear statement that you wish to be excluded from the Settlement Class; and be personally signed by you (and your lawyer if you are represented by counsel).<br><br>Your request must be sent to the Settlement Claims Administrator at  ____, _____, _____ _____-_____.<br><br>If your exclusion request is properly submitted and received before the deadline, you will not be bound by the terms of the Settlement, and you will be free, if you choose, to pursue your own lawsuit against Ford based on Exhaust Odor. If you do not submit a clear and timely request for exclusion to the Ford Settlement Exclusion Center, you will be bound by the Settlement Agreement and relinquish any claims against Ford based on exhaust odor. |
| **OBJECT** | **If you are a member of the Settlement Class, you may object to the Settlement, Class Counsel's request for attorneys' fees and expenses, or the request for Named Plaintiffs' service awards.**<br><br>You may, but need not, select an attorney to appear at the Fairness Hearing on your behalf. If you do, you will be responsible for your own attorneys' fees and costs.<br><br>If you object to the proposed Settlement, you must do so in writing on or before _____ _____, 2020. Your written objection must include:<br><br><ul><li>Your full name, address, and telephone number;</li><li>The model, model year, and vehicle identification number of your Class Vehicle, along with proof that you have owned or leased a Class Vehicle (*i.e.*, a true copy of a vehicle title, registration, or license receipt);</li></ul> |

| | |
|---|---|
| | <ul><li>A written statement of all grounds for the objection, accompanied by any legal support for the objection;</li><li>Copies of any papers, briefs, or other documents upon which the objection is based;</li><li>A list of all cases in which the Settlement Class Member and/or his or her counsel filed or in any way participated – financially or otherwise – objecting to a class settlement during the preceding five (5) years.</li><li>The name, address, email address, and telephone number of every attorney representing you; and</li><li>A statement indicating whether you and/or your counsel intends to appear at the Fairness Hearing and, if so, a list of all persons, if any, who will be called to testify in support of the objection; and</li><li>Your signature (and your counsel's signature if you are represented by counsel).</li></ul><br>Your written objection must also be: (1) filed with the Clerk of the U.S. District Court for the Eastern District of Michigan, 231 W. Lafayette Blvd., Room 253 Detroit, MI 48226, and (2) served upon: (A) Joseph H. Meltzer, Esq., and Ethan J. Barlieb, Esq., of Kessler Topaz Meltzer & Check, LLP (Class Counsel), 280 King of Prussia Road, Radnor, PA 19087; (B) E. Powell Miller, Esq. of The Miller Law Firm, P.C (Class Counsel), 950 West University Drive, Suite 300, Rochester, MI 48307; (C) David M. George, Esq., of Dykema Gossett PLLC (Defendant's Counsel), 2723 South State Street, Suite 400, Ann Arbor, MI 48104; and (D) Joel A. Dewey, Esq. of DLA Piper, LLP (Defendant's Counsel), 6225 Smith Avenue, Baltimore, Maryland 21209.<br><br>Class Members who do not make their objections in a timely manner will waive all objections, their right to comment at the Fairness Hearing, and their right to appeal approval of the Settlement. |
| **DO NOTHING** | **Stay in this lawsuit. Await the outcome. Receive the benefits of this settlement if it is approved.**<br><br>By doing nothing, you will remain part of the case, and do not need to take any immediate action. If the Settlement is approved under the terms described here, you may receive the benefits of the Settlement**.**  In exchange for the benefits you receive, you will give up your rights to sue Ford separately about the same legal claims involved in this action, unless you have personal injury claims related to |

| | Exhaust Odor; those claims are not released by the Settlement. |
| | You may, if you wish, comment in favor of the Settlement by sending your comment to Class Counsel: Joseph H. Meltzer, Esq. and Ethan J. Barlieb, Esq., of Kessler Topaz Meltzer & Check, LLP (Class Counsel), 280 King of Prussia Road, Radnor, PA 19087; E. Powell Miller, Esq. of The Miller Law Firm, P.C (Class Counsel), 950 West University Drive, Suite 300, Rochester, MI 48307. |

**9.     FAIRNESS HEARING:** A hearing will be held before the Honorable Terrence G. Berg of the U.S. District Court for the Eastern District of Michigan, 231 W. Lafayette Blvd., Room 253 Detroit, MI 48226, on _____, 2021, at __:__ -m. At the hearing, the Court will hear argument about whether the proposed Settlement is fair, reasonable, and adequate, and whether it should be approved and, if so, what fees and expenses should be awarded to Class Counsel, and what service award should be given to the Named Plaintiffs. You do not need to attend the Fairness Hearing. Class Counsel will answer questions the Court may have. But, you are welcome to attend at your own expense provided you have not excluded yourself from the Settlement. If you send an objection, you do not have attend Court to talk about it. You may also pay your own lawyer to attend, but it is not necessary. The time, date, and location of the hearing may change without further notice to you. If you plan to attend the hearing, you should confirm its time, date, and location before making any plans.

**10.     ADDITIONAL INFORMATION:** For additional information and/or for a copy of the full Settlement Agreement; the request for attorneys' fees, costs, and the service awards; and other key Court documents, you may visit www.**xxxxxxxxxxxxxx**.com or call the Settlement Claims Administrator at xxx-xxx-xxxx or Class Counsel at **xxx-xxx-xxxx**. Please do not call or write the Court or the Office of the District Clerk.