UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **SURESH PERSAD**, **DANIEL G. WRIGHT**, and **ROBERT S. DRUMMOND**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**FORD MOTOR COMPANY**,<br><br>Defendant. | 2:17-cv-12599-TGB-MKM<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (ECF NO. 81, 85).** |

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Suresh Persad, Daniel Wright, and Robert Drummond, and Defendant Ford Motor Company (together, the "Parties"), by and through their undersigned attorneys, hereby submit this proposed Stipulated Order for Preliminary Approval Class Action Settlement:

**WHEREAS**, the Court having reviewed and considered the Motion for Preliminary Approval and supporting materials filed by the Parties;

**WHEREAS**, the Court held a hearing on the Motion for Preliminary Approval on January 11, 2021; and

**WHEREAS**, this Court has fully considered the record and the

requirements of law; and good cause appearing;

**IT IS ORDERED** that the Settlement is hereby **PRELIMINARILY APPROVED**.

The Court further finds and orders the following:

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d), and venue is proper in this district.

2. The Court has personal jurisdiction over the Plaintiffs, Settlement Class Members, and the Defendant.

3. To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned in the Settlement Agreement.

4. The Stipulation and Agreement of Settlement dated November 18, 2020 and Amendment to Stipulation and Agreement of Settlement dated February 8, 2021 (collectively, the "Settlement") were the result of the Parties' good-faith negotiations. The Settlement was entered into by experienced counsel and only after extensive arm's length negotiations. The Settlement is not the result of collusion.

5. The proceedings that occurred before the Parties reached the Settlement gave counsel the opportunity to adequately assess this case's strengths and weaknesses and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses.

6. The Court has carefully reviewed the Settlement Agreement and finds that the Settlement is fair, reasonable, adequate and meets the

standards for preliminary approval under Fed. R. Civ. P. 23(a) and (b). Accordingly, the Court preliminarily approves all terms of the Settlement and all of its Exhibits.

7. The Court conditionally certifies, for settlement purposes only, the following Settlement Class:
> All entities and natural persons in the United States (including its Territories and the District of Columbia) who currently own or lease (or who in the past owned or leased) a model year 2016 and 2017 Ford Explorer sold or leased in the United States, excluding 2016 and 2017 Police Interceptor Utility Ford Explorers (the "Settlement Class").

Excluded from the Settlement Class are (1) all federal court judges who have presided over this case and any members of their immediate families; (2) all entities and natural persons who elect to exclude themselves from the Settlement Class; (3) all entities and natural persons who delivered to Ford releases of all their claims; and (4) Ford's employees, officers, directors, agents, and representatives, and their family members.

8. The Court hereby conditionally appoints the following Plaintiffs as Class Representatives for the Settlement Class: Suresh Persad, Daniel G. Wright, and Robert S. Drummond.

9. The Court finds that the Class Representatives will fairly and adequately protect and represent the interests of all members of the Settlement Class and the interest of the Class Representatives are not antagonistic to those of the Settlement Class. The Class Representatives

are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

10. The Court has reviewed and finds that the content of the revised proposed forms of Notice attached as Exhibits C and D to the Parties' Joint Notice of Supplemental Filing, replacing Exhibits C and D to the Settlement Agreement, which are to be displayed, along with the Settlement Agreement and its Exhibits, on the Settlement Website, satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and Due Process and accordingly approves the Notice and Claim Form.

11. The Court further approves the proposed methods for giving notice of the Settlement to members of the Settlement Class, as reflected in the Settlement Agreement. The Court has reviewed the plan for distributing Notice to the Settlement Class ("Notice Plan"), and finds that Settlement Class members will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal that on an agreed upon date with the Settlement Claims Administrator, but in no event more than seventy-five (75) days after entry of the Preliminary Approval Order, the Settlement Claims Administrator shall cause individual Short Form Class Notice, substantially in the form attached to the Parties' Joint Notice of Supplemental Filing as Exhibit C, to be mailed, by first class mail, to the current or last known addresses of all reasonably identifiable Settlement Class Members. The Court

specifically approves the procedures set forth in the Settlement Agreement for identifying Settlement Class Members and notifying Settlement Class Members whose initial mailings are returned undeliverable. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Fed. R. Civ. P. 23(c)(2) and Fed. R. Civ. P. 23(e)(1) and Due Process.

12. The Court preliminarily finds that the following counsel fairly and adequately represent the interests of the Settlement Class and hereby conditionally appoints Joseph H. Meltzer, E. Powell Miller and the law firms Kessler Topaz Meltzer & Check, LLP and The Miller Law Firm, P.C. as Class Counsel.

13. The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2), a Fairness Hearing will be held on November 15, 2021 to consider final approval of the Settlement (the "Fairness Hearing") including, but not limited to, the following issues: (1) to determine whether to grant final approval to (a) the certification of the Settlement Class, (b) the designation of Plaintiffs as representatives of the Settlement Class, (c) the designation of Class Counsel as counsel for the Settlement Class, and (d) the settlement; (2) to rule on Class Counsel's request for an award of attorneys' fees and reimbursement of costs and for Service Awards to Class Representatives; and (3) to consider whether to enter the Final Approval Order. The Fairness Hearing may be adjourned by the Court

and the Court may address matters set out above, including final approval of the Settlement, without further notice to the Settlement Class other than notice that may be posted at the Court and on the Court's and Settlement Claims Administrator's websites.

14. The Court directs that no later than fourteen (14) days prior to the Final Fairness Hearing, Class Counsel shall file all memoranda, including affidavits, declarations, and other evidence in support of the request for final approval of the Settlement; Class Counsels' request for approval of attorneys' fees, costs, and reimbursement of expenses; and the request for Service Awards to the individual Named Plaintiffs. The Court further directs that no later than seven (7) days prior to the Final Fairness Hearing, Class Counsel shall file any supplemental memoranda addressing any objections and/or opt-outs. If Class Counsel and Defense Counsel do not reach agreement on reasonable attorney fees and costs/expenses, the Parties shall meet and confer to agree upon a schedule for Defendant to file opposition to Class Counsel's motion for attorney fees and costs/expenses, which shall be at least sixty (60) days, Plaintiffs' reply thereto, and whether the date of the Fairness Hearing needs to be changed.

15. Persons wishing to object to the proposed Settlement and/or be heard at the Fairness hearing shall following the following procedure:

(a) To object, a member of the Settlement Class, individually or through counsel, must file a written objection with the Court, and must

also serve a copy thereof upon the following, postmarked no later than forty-five (45) days after the Notice Date:

**Counsel for Plaintiffs**:

Joseph H. Meltzer, Esq. Ethan J. Barlieb, Esq.
Kessler Topaz Meltzer & Check, LLP 280 King of Prussia Road
Radnor, PA 19087

E. Powell Miller, Esq. The Miller Law Firm, P.C
950 West University Drive, Suite 300
Rochester, MI 48307

**Counsel for Defendant**:

David M. George, Esq. Dykema Gossett PLLC
2723 South State Street, Suite 400 Ann Arbor, MI 48104

Joel A. Dewey, Esq. DLA Piper, LLP 6225 Smith Avenue
Baltimore, Maryland 21209

(b) Any objecting Settlement Class member must include with his or her objection:

i. The objecting Settlement Class Member's full name, address, and telephone number;
ii. The model, model year, and vehicle identification number of the objecting Settlement Class Member's Class Vehicle, along with proof that the objector has owned or leased a Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt);

 iii. A written statement of all grounds for the objection, accompanied by any legal support for the objection;
 iv. Copies of any papers, briefs, or other documents upon which the objection is based;
 v. A list of all cases in which the Settlement Class Member and/or his or her counsel filed or in any way participated – financially or otherwise – objecting to a class settlement during the preceding five (5) years.
 vi. The name, address, email address, and telephone number of every attorney representing the objector; and
 vii. A statement indicating whether the objector and/or his or her counsel intends to appear at the Fairness Hearing and, if so, a list of all persons, if any, who will be called to testify in support of the objection.

 (c) Subject to the approval of the Court, any objecting Settlement Class Member may appear, personally or by counsel, at the final fairness hearing to explain why the proposed settlement should not be approved as fair, reasonable, and adequate, or to object to any motion for Class Counsel Fees and Expenses or incentive awards. Any Settlement Class Member who does not provide a notice of intention to appear at the hearing in accordance with the deadlines and other specifications set forth in the Settlement Agreement and Notice, or who has not filed an objection in accordance with the deadlines and other specifications set forth in the Settlement Agreement and the Notice, may be deemed to have waived any objections to the settlement and any adjudication or review of the Settlement, by appeal or otherwise.

 (d) Any Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her,

or its right to object to any aspect of the proposed Settlement and/or Class Counsel's motion for attorneys' fees and reimbursement of litigation expenses. Such Class Member shall forever be barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, or the requested attorneys' fees and litigation expenses, and otherwise from being heard concerning the Settlement, or the attorneys' fees and expenses request in this or any other proceeding.

16. The Court appoints KCC Class Action Services as the Settlement Claims Administrator. The Parties are hereby authorized to retain the Settlement Claims Administrator to supervise and administer the Notice procedure as well as the processing of Claims.

17. All Settlement Class members shall have the right to opt out of the Settlement Class at any time during the opt-out period. The opt-out period shall run for forty-five (45) days from the Notice Date. Any Settlement Class Member who elects to opt out of the Settlement Class (i) shall not be bound by any orders or judgments entered in this Action; (ii) shall not be entitled to relief under, or be affected by, the Settlement Agreement; (iii) shall not gain any rights by virtue of this Settlement Agreement; and (iv) shall not be entitled to object to any aspect of this Settlement Agreement. Any Settlement Class Member who wishes to opt out of the Settlement Class may do so by submitting a request for exclusion ("Request for Exclusion") to the Settlement Claims Administrator as provided in the Notice. To be effective, the Request for

Exclusion must be sent via first-class U.S. mail to the specified address and include:

    i. The Settlement Class Member's full name, address, and telephone number;
    ii. Identify the model, model year, and vehicle identification number of the Settlement Class Member's Class Vehicle(s);
    iii. Explicitly and unambiguously state his or her desire to be excluded from the Settlement Class in *Suresh Persad, Daniel G. Wright, and Robert S. Drummond v. Ford Motor Company*; and
    iv. Be individually and personally signed by the Settlement Class Member (if the Settlement Class Member is represented by counsel, it must also be signed by such counsel).

The Settlement Claims Administrator shall tabulate communications from Settlement Class Members asking to be excluded from the Settlement Class and shall report the names and addresses of such entities and natural persons to the Court and to Class Counsel no less than seven (7) days before the Fairness Hearing.

18. Any member of the Settlement Class failing to properly and timely mail such a written notice of exclusion shall be automatically included in the Settlement Class and shall be bound by all of the terms and provisions of the Settlement Agreement and the Settlement, including but not limited to the release, and the Final Order and Judgment.

19. Upon Final Approval of the Settlement, all Settlement Class Members who do not timely and properly opt out of the Settlement shall

be deemed to have, and by operation of the Final Order and Judgment shall have, fully and completely released, acquitted and discharged the Released Parties from all Released Claims as set forth in the Settlement Agreement, and the Action will be deemed dismissed with prejudice.

20. In the event that the Settlement Agreement is not finally approved, this Preliminary Approval Order shall be rendered null and shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement. If the Settlement Agreement is not finally approved, the Defendant and any other Releasees shall have retained any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). This action shall thereupon revert immediately to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

21. The Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and the administration, enforcement, and interpretation of the Settlement. Any unresolved disputes or controversies arising with respect to the Settlement shall be presented by motion to the Court, provided however, that nothing in this

paragraph shall restrict the ability of the Parties to exercise their rights as described above.

22. Pending final determination of the joint application for approval of this Settlement Agreement, all proceedings in this Litigation other than settlement approval proceedings shall be stayed and all Settlement Class Members who do not validly request exclusion from the Settlement Class shall be enjoined from commencing or prosecuting any action, suit, proceeding, claim, or cause of action in any court or before any tribunal based on Exhaust Odor in the Class Vehicles.

## CONCLUSION

For these reasons, the Court hereby **GRANTS** Plaintiffs' amended motion for preliminary approval of class action settlement (ECF Nos. 81, 85).

**SO ORDERED.**

Dated: April 30, 2021

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE