UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **SURESH PERSAD, DANIEL G. WRIGHT, AND ROBERT S. DRUMMOND**, individually and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br><br>    v.<br><br>**FORD MOTOR COMPANY**,<br><br>         Defendant. | 2:17-cv-12599-TGB-MKM<br><br>HON. TERRENCE G. BERG<br><br><br>**<u>FINAL APPROVAL ORDER</u>** |

THIS MATTER having come before the Court for consideration of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, in accordance with the Parties' Settlement Agreement.

WHEREAS, Defendant Ford Motor Company ("Ford") and Plaintiffs Suresh Persad, Daniel G. Wright, and Robert S. Drummond ("Plaintiffs") reached a Class settlement (the "Settlement");

WHEREAS, the Parties submitted the Settlement Agreement together with Plaintiffs' Unopposed Motion for Preliminary Approval of the proposed settlement to the Court;

WHEREAS, the Court provisionally certified a Settlement Class and gave its preliminary approval of the Settlement on April 30, 2021 (the "Preliminary Approval Order") and directed the Parties to provide notice to the Class of the proposed Settlement and the Final Approval Hearing by regular mail and via the internet;

WHEREAS, the Court-appointed Settlement Claims Administrator KCC Class Action Services effectuated notice to the Settlement Class in accordance with the Preliminary Approval Order and also pursuant to the notice requirements set forth in 28 U.S.C. § 1715;

WHEREAS, Plaintiffs submitted their Unopposed Motion for Final Approval of Class Settlement on November 1, 2021;

WHEREAS, on December 3, 2021, the Court conducted the Final Approval Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate, and whether the Settlement should be granted final approved by this Court; and

WHEREAS, the Parties having appeared at the Final Approval Hearing and submitted supplemental briefing requested by the Court;

THEREFORE, after reviewing the pleadings and evidence filed in support of final approval of the Settlement and hearing from the

2

attorneys for the Parties,

**IT IS ON THIS 30th day of December, 2021, ORDERED and, ADJUDGED that the Court finds and orders as follows**:

1.     All terms herein shall have the same meaning as defined in the Settlement Agreement.

2.     This Order incorporates and makes part hereof the Settlement Agreement.

3.     This Court has jurisdiction over the subject matter of this Litigation and over the Parties to this Litigation including all Settlement Class Members.

4.     The Court confirms its previous preliminary findings in the Preliminary Approval Order.

5.     For purposes of Settlement, the Litigation satisfies the prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and 23(b)(3). The Class or Settlement Class as defined in Sections I(d) and I(t) of the Settlement Agreement and also defined below is so numerous that joinder of all members is not practicable, questions of law and fact are common to the Settlement Class, the claims of the Settlement Class Representatives are typical of the claims of the

Settlement Class, and the Settlement Class Representatives have fairly and adequately protected the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and class action treatment is a superior method of resolution for fairly and efficiently adjudicating this controversy.

6.     Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order. Notice has been sent to the Settlement Class by first-class mail. The Settlement Claims Administrator, KCC Class Action Services, also placed the Notice on its website, http://www.explorerexhaustsettlement.net/. Thus, notice has been given to the Settlement Class in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.

7.     In accordance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, the Settlement Claims Administrator mailed a copy of the proposed class action settlement and all other documents required by law to the Attorney General of the

United States and the Attorneys General in each of the jurisdictions where Class members reside. None of the Attorneys General filed objections to the Settlement. The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

8.    The Settlement was the result of arm's-length negotiation involving a mediator by experienced counsel with an understanding of the strengths and weaknesses of their respective cases. The Settlement is fair, reasonable, and adequate, and serves the best interests of the Settlement Class in light of all the relevant factors laid out in Federal Rule of Civil Procedure 23(e)(2) and *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007), including the benefits afforded to the Settlement Class, the complexity, expense, uncertainty, and duration of further litigation, and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal. Class Counsel and the Settlement Class Representatives have adequately represented the class, the Settlement treats Class Members equitably relative to one another, and the public interest weighs in favor of approving the

Settlement.

9.     The Parties and Settlement Class Members have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of this Settlement.

10.     It is in the best interests of the Parties and the Settlement Class Members, and consistent with principles of judicial economy, that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or this Final Order should be presented exclusively to this Court for resolution.

11.     The Court certifies the following Settlement Class for purposes of Settlement only:

> All entities and natural persons in the United States (including its Territories and the District of Columbia) who currently own or lease (or who in the past owned or leased) a model year 2016 and 2017 Ford Explorer sold or leased in the United States, excluding 2016 and 2017 Police Interceptor Utility Ford Explorers (the "Settlement Class").

Excluded from the Settlement Class are (1) all federal court judges who have presided over this case and any members of their immediate families; (2) all entities and natural persons who elect to exclude

themselves from the Settlement Class; (3) all entities and natural persons who delivered to Ford releases of all their claims; and (4) Ford's employees, officers, directors, agents, and representatives, and their family members.

12.     The Settlement Agreement submitted by the Parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms.

13.     The Parties and each person within the definition of the Settlement Class are hereby bound by the terms and conditions of the Settlement Agreement, except for those who have duly and timely excluded themselves. A list of the names of each Settlement Class Member who has filed a timely and proper request for exclusion from the Settlement Class under the procedures set forth in the Settlement Agreement was previously submitted as Exhibit D to the KCC Decl., ECF No. 94-3.

14.     The Court hereby appoints the following persons as Settlement Class Representatives: Suresh Persad, Daniel G. Wright, and

Robert S. Drummond.

15. The Court hereby appoints Joseph H. Meltzer, E. Powell Miller, and the law firms Kessler Topaz Meltzer & Check, LLP and The Miller Law Firm, P.C. as Class Counsel.

16. The Litigation is hereby dismissed with prejudice and without costs. Judgment in this case has been entered without any admission by any Party as to the merits of any allegation in this Litigation and shall not constitute a finding of either fact or law as to the merits of any claim or defense asserted in the Litigation.

17. The Released Claims of all Settlement Class Members are hereby fully, finally, and forever released, discharged, compromised, settled, relinquished, and dismissed with prejudice against all of the Released Parties.

18. Members of the Settlement Class and their successors and assigns are hereby permanently barred and enjoined from asserting, commencing, prosecuting, or continuing to prosecute, either directly or indirectly, in any manner, any Released Claim against any one of the Released Parties in any forum, with the exception of any Settlement Class Members who have duly and timely excluded themselves.

19.   The Settlement Agreement, Settlement related documents, and/or the Court's approval thereof, does not constitute, and is not to be used or construed as any admission by Defendant or by any Released Party of any allegations, claims, or alleged wrongdoing.

20.   Without affecting the finality of this judgment, the Court's retained jurisdiction of this Settlement also includes the administration and consummation of the Settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction of, and the Parties and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court for, any suit, action, proceeding, or dispute arising out of or relating to this Final Order, the Judgment, the Settlement Agreement, or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of

such suit, action or proceeding, to the fullest extent possible under applicable law, the Parties hereto and all persons within the definition of the Settlement Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

21.    The Court finds that the Settlement Class Members were given a full and fair opportunity to object to the Settlement, to exclude themselves from the Settlement Class, and/or to appear at the final fairness hearing pursuant to the requirements set forth in the Settlement Agreement, Preliminary Approval Order, and Class Notice.

22.    The Court finds that no just reason exists for delay in entering this Final Order. Accordingly, the Clerk is hereby directed to enter final judgment.

**SO ORDERED.**

Dated:  December 30, 2021

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE