UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **SURESH PERSAD, DANIEL G. WRIGHT, AND ROBERT S. DRUMMOND**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**FORD MOTOR COMPANY**,<br><br>Defendant. | 2:17-cv-12599-TGB-MKM<br><br>HON. TERRENCE G. BERG<br><br>**ORDER AWARDING ATTORNEYS' FEES AND EXPENSES** |

THIS MATTER having come before the Court for consideration of Plaintiffs' Unopposed Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards to Plaintiffs ("Fee Motion").

WHEREAS, Defendant Ford Motor Company ("Ford") and Plaintiffs Suresh Persad, Daniel G. Wright, and Robert S. Drummond ("Plaintiffs") reached a Class settlement (the "Settlement");

WHEREAS, the Parties submitted the Settlement Agreement together with Plaintiffs' Unopposed Motion for Preliminary Approval of the proposed settlement to the Court;

WHEREAS, the Court gave its preliminary approval of the Settlement on April 30, 2021 (the "Preliminary Approval Order") and directed the Parties to provide notice to the Class of the proposed Settlement and the Final Approval Hearing by regular mail and via the internet;

WHEREAS, the Court-appointed Settlement Claims Administrator, KCC Class Action Services, effectuated notice to the Settlement Class in accordance with the Preliminary Approval Order and also pursuant to the notice requirements set forth in 28 U.S.C. § 1715;

WHEREAS, Plaintiffs submitted their Unopposed Fee Motion on November 1, 2021;

WHEREAS, on December 3, 2021, the Court conducted the Final Approval Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate; whether the Settlement should be granted final approved by this Court; and whether the Court should grant Plaintiffs' unopposed Fee Motion; and

WHEREAS, the Parties having appeared at the Final Approval Hearing and submitted supplemental briefing as requested by the Court;

THEREFORE, after reviewing the pleadings and evidence filed in

support of Plaintiffs' unopposed Fee Motion and hearing from the attorneys for the Parties,

**IT IS ON THIS 30th day of December, 2021, ORDERED and, ADJUDGED that the Court finds and orders as follows**:

1. All terms herein shall have the same meaning as defined in the Settlement Agreement.

2. This Order incorporates and makes part hereof the Settlement Agreement.

3. This Court has jurisdiction over the subject matter of this Litigation and over the Parties to this Litigation including all Settlement Class Members.

4. Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, by mailing such Notice by first-class mail. The Settlement Claims Administrator, KCC Class Action Services, also placed the Notice on its website, http://www.explorerexhaustsettlement.net/. Thus, notice has been given in an adequate and sufficient manner, constitutes the best notice

practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.

5. The Settlement, including the requested fees and expenses, was the result of arm's-length negotiation by experienced counsel with an understanding of the strengths and weaknesses of their respective cases. In its Final Order, the Court has determined that the Settlement, including the requested fees and expenses, is fair, reasonable, and adequate, and serves the best interests of the Settlement Class, in light of all the relevant factors.

6. The Parties and Settlement Class Members have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of this Settlement.

7. Class Counsel are hereby awarded attorneys' fees in the amount of $3,000,000 and reimbursement of Class Counsel's Litigation Expenses in the amount of $500,000, which sums the Court finds to be fair and reasonable. The attorneys' fees and expenses awarded will be paid to Class Counsel by Ford in accordance with the terms in the Settlement.

8. In making this award of attorneys' fees and expenses, the Court has considered and found that the requested fee award is reasonable because:

    a. Settlement Class Members will benefit significantly from the Settlement that occurred because of the efforts of Class Counsel;

    b. The fee sought by Class Counsel has been reviewed and approved as reasonable by Plaintiffs, who oversaw the prosecution and resolution of the Action;

    c. Notice was mailed to potential Settlement Class Members stating that Class Counsel would apply for attorneys' fees in an amount not to exceed $3,000,000, Litigation Expenses in an amount not to exceed $500,000, and service awards to Plaintiffs in an aggregate amount not to exceed $30,000;

    d. Class Counsel have conducted the Litigation and achieved the Settlement with diligent advocacy against experienced and skilled opposing counsel;

    e. The Litigation raised a number of complex issues;

    f. Had Class Counsel not achieved the Settlement, there would remain a significant risk Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendant;

    g. Class Counsel devoted more than 7,800 hours, with a lodestar value of more than $ 3.79 million, to achieve the Settlement; and

    h. The amount of attorneys' fees awarded and Litigation Expenses are fair, reasonable, appropriate, and consistent with awards in similar cases.

9. Plaintiffs Suresh Persad, Daniel G. Wright, and Robert S. Drummond are hereby awarded an aggregate of $30,000.00 for their representation of the Settlement Class, which the Court concludes is a reasonable method of compensating the Class Representatives for the time and effort expended in assisting the prosecution of this litigation and the risks incurred by becoming a litigant.

10. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

11. The Court finds that no just reason exists for delay in entering this Order. Accordingly, the Clerk is hereby directed to enter this Order.

**SO ORDERED.**

Dated: December 30, 2021

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE